MICHAEL WEATHERLY *v.* TOWN PLAN AND ZONING COMMISSION OF THE TOWN OF FAIRFIELD ET AL.
(8466)
(8470)

SPALLONE, DALY and FOTI, Js.

Argued February 28—decision released July 26, 1990

*Donal C. Collimore,* assistant town attorney, with whom were *Roy H. Ervin,* town attorney, and, on the brief, *Roy H. Ervin, Jr.,* and *Peter J. Strassberger,* for the appellants (named defendant et al.).

*John F. Fallon,* with whom, on the brief, was *Ronald J. Pacacha,* for the appellee (plaintiff).

FOTI, J. This is an appeal from the judgment of the trial court sustaining the plaintiff's appeal from the denial of his application to the defendant town plan and zoning commission of the town of Fairfield (commission) for approval of a two lot subdivision and special permit. Upon our grant of certification, the defendants[1] appealed to this court claiming that the trial court improperly held (1) that General Statutes § 8-25 does not authorize planning commissions to adopt subdivision regulations governing existing streets, (2) that the first reason given by the commission in denying the application was vague, (3) that the subdivision regulation considered in *Reed* v. *Planning & Zoning Commission,* 12 Conn. App. 153, 529 A.2d 1338 (1987), aff'd, 208 Conn. 431, 544 A.2d 1213 (1988), was substantially different from § 2.1.10 of the Fairfield subdivision regulations, and (4) that neither the zoning nor the subdivision regulations of the town of Fairfield permit the denial of a subdivision application on the basis of an

---

[1] The defendants named in the plaintiff's complaint were the planning and zoning commission of the town of Fairfield and the Fairfield town clerk.

adverse impact upon public views and vistas. We agree with the defendants and reverse the judgment of the trial court.

The plaintiff is the owner of a parcel of land at 1036 Harbor Road, Fairfield, located in an R-3 residential zone. Under that town's zoning regulations, an R-3 zone requires a 20,000 square foot minimum area for a residential lot. Harbor Road separates the property from the Mill River and Southport Harbor into which that river drains.

The plaintiff submitted a subdivision application proposing to divide his land into two parcels. The first proposed parcel, lot 1A, is 37,000 square feet, has access to Willow Street to the southwest and has a residence on it. The second parcel, lot 1B, is proposed to have 22,300 square feet and access to Harbor Road. The plaintiff planned to build a single-family residence on lot 1B. When he applied for this proposed subdivision, the plaintiff also filed a related application for a special permit to excavate and fill in a regulated area pursuant to § 24 of that town's zoning regulations.

After holding a public hearing on the subdivision application, the commission denied the plaintiff's application on the following grounds:[2]

"1. The proposed resubdivision would be inconsistent with Sect. 2.1.10 of the Subdivision Regulations of the Town of Fairfield entitled 'Existing Streets'. The proposed resubdivision is abutting an existing Town street which is not fifty feet in width.

"2. The proposed resubdivision is inconsistent with the requirements for turnarounds as per Sect. 2.1.7 for a dead end street.

---

[2] The defendants challenge the trial court's decision with respect to the first and third reasons stated in the denial of the plaintiff's subdivision application. They have abandoned their challenge to the second specified reason, i.e., that Harbor Road has an insufficient "turnaround."

"3. Upon evaluation of the public views and vistas, it is determined by the Commission that the construction of the house as per the resubdivision will create an adverse impact."

The plaintiff appealed to the Superior Court from the denial of his application for approval of the two lot subdivision and his application for a special permit.[3] That court sustained his appeal, holding that each of the commission's stated reasons for denying the application was invalid. The defendants were granted certification to this court and this appeal ensued.

The defendants claim that the court improperly determined that the first reason given by the commission for denying the plaintiff's application was improper. We agree. Because our conclusion supports one of the commission's reasons for denial, there is no need for us to reach the merits of the defendants' additional claims.

The commission stated that the proposed subdivision would be inconsistent with § 2.1.10 of the town's subdivision regulations[4] because it abuts an existing town street that is less than fifty feet wide. The court held that because General Statutes § 8-25[5] permits a planning and zoning commission to develop regulations for

[3] The commission, by letter of decision dated March 10, 1988, denied both the subdivision application and the special permit application, but addressed reasons for its denial solely to the subdivision application.

[4] Section 2.1.10 of the Fairfield subdivision regulations provides: "Existing Streets: Proposed subdivisions abutting an existing Town street shall provide for proper construction and widening of said street to 50 feet or to a greater width depending upon the classification given said street by the Commission."

[5] General Statutes § 8-25 provides in relevant part: "Such regulations shall provide . . . that the proposed streets are in harmony with existing or proposed principal thoroughfares . . . and so arranged and of such width, as to provide an adequate and convenient system for present and prospective traffic needs."

proposed streets only, it was beyond the realm of the commission's statutory power to adopt § 2.1.10 to regulate existing streets. The court further stated that the commission's first reason for denial was "vague, uncertain in meaning and provided no information to the plaintiff to enable [him] to know wherein the plan submitted failed to satisfy the requirements of the regulations" and consequently deprived the plaintiff of property without due process of law. The court found § 2.1.10 distinguishable from the subdivision regulation of the town of Chester that was considered by both this court and the Supreme Court in *Reed* v. *Planning & Zoning Commission,* supra.

When a planning commission grants or denies a subdivision application it is acting in an administrative capacity and it must approve the plan if it complies with the applicable regulations. *Reed* v. *Planning & Zoning Commission,* supra, 208 Conn. 433; *Westport* v. *Norwalk,* 167 Conn. 151, 155, 355 A.2d 25 (1974); *Gagnon* v. *Municipal Planning Commission,* 10 Conn. App. 54, 57, 521 A.2d 589 (1987). "[T]he trial court, in reviewing the action of a planning commission regarding a resubdivision application, may not substitute its judgment on the facts for that of the planning commission. *Oakwood Development Corporation* v. *Zoning Board of Appeals,* 20 Conn. App. 458, 460, 567 A.2d 1260 (1990). The conclusions of the commission must stand if even one of the stated reasons is reasonably supported by the record." *R. B. Kent & Son, Inc.* v. *Planning Commission,* 21 Conn. App. 370, 373, 573 A.2d 760 (1990).

The commission's function in reviewing a subdivision application is neither legislative nor judicial. *Forest Construction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 674, 236 A.2d 917 (1967). "Because a commission is not a court of law, its authority is stringently limited. It can only apply its regulations to the proposals

which appear before it. It cannot make law." *Gagnon* v. *Municipal Planning Commission,* supra.

The decision of the commission denying the plaintiff's application was administrative. Therefore, if that application did not conform to the requirements of the subdivision regulations, then the trial court's judgment sustaining the plaintiff's appeal must be reversed. *Reed* v. *Planning & Zoning Commission,* supra, 208 Conn. 431.

General Statutes § 8-25 requires commissions to adopt subdivision regulations and grants them the power to govern the subdivision of land. The court determined that "[t]his statute only permitted regulations relating to 'proposed' streets that are to be developed as part of the subdivision. The statute does not authorize regulations to make provision for existing roads, or to permit the commission to require a subdivision on an existing road to make provision for the property owner to provide for the widening of an existing town highway." This is contrary to the opinions of both the Supreme and Appellate Courts in *Reed.*

In *Reed* v. *Planning & Zoning Commission,* supra, 12 Conn. App. 153, we recognized the validity of the town of Chester's subdivision regulation § 3.3.6[6] under General Statutes § 8-25. In that matter the plaintiff applied for a subdivision for a parcel of land that abutted a partially unpaved public road. The application was

___

[6] Section 3.3.6 of the Chester subdivision regulations provides: "Existing Streets: Proposed subdivisions abutting on an existing Town street or State Highway shall provide for proper widening of the right of way of such street or highway to the width appropriate for the classification given such street or highway by the Commission. Such provision shall be in the form of a deed dedicating sufficient land to the Town to enable the Town to widen the street or highway to the appropriate width from the center line of the street or highway to the proposed property lines of the subdivision."

denied because the road was deemed inadequate for access to the proposed lots. The trial court's findings sustaining the plaintiff's appeal were affirmed. We determined that § 3.3.6 of Chester's subdivision regulations directly addressed the situation by requiring the applicant to deed sufficient land to the town to enable it to widen the road to the appropriate width. "Thus, while it might have been possible, consistent with the power granted to municipalities under General Statutes § 8-25, for the town of Chester to adopt more stringent subdivision regulations that would require an applicant to ensure that existing streets provide adequate access to and from the subdivision, the present subdivision regulations do not require such action." *Reed* v. *Planning & Zoning Commission,* supra, 12 Conn. App. 157–58.

While it is true that the subdivision regulations of the town of Fairfield do not contain a provision requiring the abutting landowner to deed sufficient land to the town to enable widening of the road, as do the regulations of the town of Chester, our holding in *Reed* is sufficient to show that General Statutes § 8-25 authorizes commissions to adopt subdivision regulations that can require an applicant to provide for widening an *existing* street abutting the proposed subdivision. It follows then that under § 8-25 the commission had the authority to adopt § 2.1.10 of the town's subdivision regulations and require that subdivision applicants provide for the proper widening of abutting streets to fifty feet or the width required in accord with the classification given to the road.

In an attempt to distinguish the *Reed* decisions from the present case, the trial court points to the fact that the applicant in *Reed* did not question the validity of the regulation as it pertained to existing streets. This distinction is inconsequential. One who seeks to avail-

himself of the benefits of a zoning regulation is precluded from raising the question of that regulation's constitutionality; *Bierman* v. *Planning & Zoning Commission,* 185 Conn. 135, 139, 440 A.2d 882 (1981); or of that regulation's validity; *Cristofaro* v. *Planning & Zoning Commission,* 11 Conn. App. 260, 263, 527 A.2d 255, cert. denied, 204 Conn. 810, 528 A.2d 1156 (1987); in the same proceeding. "One who chooses to engage in subdividing land by that decision chooses also to be subject to the reasonable regulation of the local planning commission." *Whittaker* v. *Zoning Board of Appeals,* 179 Conn. 650, 661, 427 A.2d 1346 (1980).

We conclude that the commission had the authority to adopt § 2.1.10 to regulate the width of both proposed and existing streets that abut proposed subdivisions. We further conclude that the plaintiff's failure to designate a portion of his proposed subdivision for the widening of Harbor Road was sufficient ground for the commission to find that he did not meet the requirements of § 2.1.10. Because the conclusions of the commission are supported by this stated reason, its decision must stand.

The plaintiff's remaining argument is that § 2.1.10 is vague and that its application constitutes a taking without due process of law or just compensation because it places an unfair obligation on the applicant to undertake and pay for improvements to a town road. We do not agree.

Because the imposition of subdivision controls benefits the health, safety, morals and general welfare of the community, it is an exercise of the town's police power; *Raybestos-Manhattan, Inc.* v. *Planning & Zoning Commission,* 186 Conn. 466, 471, 442 A.2d 65 (1982); and as such does not require the exercise of the power of eminent domain. Id. Where reasonable and impartial, a commission's power to regulate the use of

land does not constitute a taking without due process of law. or just compensation. Id.

The requirements of § 2.1.10 are clear and unequivocal as to existing streets. As applied by the commission, § 2.1.10 is reasonable and impartial in that it neither obligates an applicant to pay for the required road widening nor requires any off-site improvements. The applicant may satisfy this section of the regulations by dedicating a portion of his property to the town so it may widen the road to its own specifications. The application in question here did not fail to meet the requirements of § 2.1.10 because the plaintiff neglected to improve the road. Rather, the application failed because it did not set aside a portion of the proposed subdivision to allow for the expansion of Harbor Road to the required width of fifty feet. Because the application did not meet the requirements of § 2.1.10, it must be denied. See *Westport* v. *Norwalk,* supra, 157–58.

The trial court incorrectly determined that the first reason stated by the commission in denying the plaintiff's application was improper. The judgment is reversed and the case is remanded to the court with direction to render judgment reinstating the ruling of the commission.

In this opinion the other judges concurred.