[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the granting of approval of a subdivision application brought pursuant to Sections 8-8 and8-9 of the Connecticut General Statutes. The plaintiff had applied to the defendant Commission for subdivision approval of a parcel into ten (10) residential building lots fronting on a town road known as Buff Cap Road in the Town of Tolland. The application was approved but certain conditions were included requiring the plaintiff applicant to widen Buff Cap Road to a paved width of sixteen (16) feet westerly from the center line for the entire frontage of approximately two thousand feet. The widening of the street would require the to lay pavement for a width of six (6) feet for the entire length and the removal of many large trees lying within the widened portion of the road. By stipulation filed with the Court both parties agree that the new pavement lies within the existing town right of way of Buff Cap Road.
Other facts stipulated to by the parties are as follows:
 1. Plaintiff applied to the Defendant Commission for subdivision approval of the subject parcel of land into ten (10) residential building lots including one lot already the site of a dwelling. Said parcel is located in residence R-1 zone classification.
 2. All the proposed lots front on a town road known as Buff Cap Road.
 3. The application was approved by the Tolland Planning and Zoning Commission with a condition requiring the applicant to widen Buff Cap Road to a paved width of sixteen (16) feet from its center line for the entire distance of the frontage, approximately two thousand (2,000) feet.
 4. This requirement for widening the road obligates the applicant to do and pay for the actual improvement work involved in laying the pavement and drainage for a width of six (6) feet for the entire length of approximately two thousand (2,000) feet.
6. The relevant portion of Buff Cap Road is a road CT Page 3030 of approximately two and nine-tenths (2.9) miles in length and there are seventy-three (73) residences fronting on this portion of Buff Cap Road.
 7. The paved width of Buff Cap Road existing at the date of the application is approximately twenty (20) feet in width throughout its entire length, and the additional width of six (6) feet required by the subdivision approval will be the only stretch of Buff Cap Road which has additional width.
At a hearing held by the Court on April 10, 1991 the following evidence was offered by the plaintiff to prove aggrievement. The President of the plaintiff corporation stated that he was familiar with the property; had entered into a Bond for Deed with the seller to purchase the property; (Plaintiff's Exhibit I); and had, in fact, purchased the property on February 11, 1991 as evidenced by a Warranty Deed. (Plaintiff's Exhibit 2). Since the Bond for Deed was executed on June 20, 1990 the plaintiff had an interest in said premises at the time the subdivision application was approved on September 24, 1990 and thus is an aggrieved person within the meaning of Sec. 8-8 and has standing to take the appeal.
The plaintiff challenges the provision of the subdivision regulations Sec. 166-6-D which states: "In cases where reasonable and necessary need for an off-site improvement or improvements is necessitated or required by the proposed development application and where no other property owners receive a special benefit thereby, the Commission may require the applicant, as a condition of subdivision approval and at the applicant's sale expense, to provide for and construct such improvements as if such were on-site improvements, including development of public roads contiguous to the subdivision."
The plaintiff claims that Section 8-25 of the Connecticut General Statutes does not empower the defendant to adopt regulations regarding off-site improvements and for that reason Section 166-6-D is unenforceable. Sec. 8-25 of the Connecticut General Statutes states, in part, ". . . .Such regulations shall provide that the land to be subdivided shall be of such character that it can be used for building purposes without danger to health or the public safety. . . ." There is no reference in that enabling statute to permit a planning Commission to order off-site improvements.
However in the case of Weatherly v. Town Planning and CT Page 3031 Zoning Commission, 23 Conn. App. 115, 121 (1990) the Court held that Section 8-25 authorized Commissions to adopt subdivision regulations that can require an applicant to provide for widening an existing street abutting the proposed subdivision.
In spite of this decision, the plaintiff argues that the recent case of Sowin Associates v. Planning and Zoning Commission of the Town of South Windsor, 23 Conn. App. 370
controls and decides the ultimate issue as to traffic considerations. In the Sowin case the court held that the Commission could not weigh off-site traffic concerns in deciding whether or not to approve the application. Under the present state of the law off-site consideration may not, therefore, constitute the basis for denying a subdivision application or as in this case, requiring off-site improvements where the use is permitted under the existing zoning law.
"Under the doctrine of stare decisis, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction. Otherwise the doctrine of stare decisis makes no sense. Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court. Chaos would be created in our legal system if lower courts were not bound by higher court decisions." State v. Satti,38 Conn. Sup. 552, 560 and cases therein.
A review of the record indicates that the defendant was very concerned with the cost of tree removal. (Return of Record — Transcript of Public Hearing, page 9 — Chairman Codman and Town Planner Blake).
It should also be noted that the Town is not without a remedy to the tree removal since it may proceed to widen the road under Sections 8-29 and 8-30 and assess the adjoining property owners for whatever benefits incurred.
For all of the above reasons the Court orders the condition of widening the road be stricken from the permit approval.
Judgment may enter for the plaintiff.
JACKAWAY, J.