[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 8358
This case comes before the court as an appeal from a denial of a subdivision application.
The plaintiffs are owners of the property and "are' aggrieved.
If a subdivision plan meets and complies with the Planning Commission Subdivision Regulations the commissioner has no discretion but to approve the plan Westport v. Norwalk167 Conn. 151 (1974).
After public hearing, the commissioner denied the application. The reasons stated for denial were:
1. Violates S.D. Reg. V1-2E-No50 Row Dedication
2. Violates S.D. Reg. Vl-3E-Lot Lines
The subject subdivision regulations found by the commission to have been violated are set out as follows:
Chapter Vl-2E: "Street Widths. Minimum widths for the various street designations shall be as shown in the following table:
DESIGNATION ZONING RIGHT PAVED SERVING CLASS OF WAY AREA
Major Local Connector B 80 Determined As a by the Connecting Commission Street
Major Local Secondary Feeder C 60 40 Through Traffic
Minor Local Feeder D 50 30 Residential Areas Residential Access E 50 22 No more than 15 dwelling units, with no through CT Page 8359 traffic potential that can be anticipated
Wider streets than those specified above may be required where the Commission deems them to be necessary. Where a subdivision abuts or contains an existing street which does not comply with the specified width requirements, the subdivider shall dedicate the necessary area to the Town for street widening and show such widening on the Final Subdivision Plan. Street designation shall be contingent upon the submission and approval by the Commission of plans for the overall road network for the property being developed."
Chapter Vl-3E: "Side line or lots shall insofar as practicable, be either at right angles or radical street lines. Variations from this rule shall be made only to where it is impractical to so otherwise."
A trial court is not to substitute its judgment for that of the local authority. Frito-Lay, Inc. v. Planning 
Zoning Commission, 206 Conn. 554, 572-73, 538 A.2d 1039
(1988). The court may only determine whether the commission has acted illegally, arbitrarily or in abuse of its discretion. Id., 573. The court is limited to determining whether the record reasonably supports the conclusions reached by the commission. Primerica v. Planning Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646 (1989).
The burden of proving that the commission acted improperly is upon the plaintiff. Burnham v. Planning 
Zoning Commission, 189 Conn. 261, 266, 455 A.2d 339 (1983).
The issue that presents itself to the court is whether or not, based upon the "record", the commission could have come to the conclusion that it did. If so, in arriving at that conclusion, did the commission act illegally, arbitrarily, capriciously and/or in abuse of its authorized discretion.
Although the plaintiff in paragraph 8d and 8f of his complaint alleges certain other claims the court,`in' reviewing the plaintiff's brief, finds no mention of the same. There has been no reference to the record nor of supplemental evidence to support said claims. This court therefore concludes that those unsupported claims are abandoned. CT Page 8360
The court has reviewed the subdivision plan that was presented for approval before the commission.
The site in question is bounded Southerly and Westerly by public streets, on the North by other land and Easterly by an irregular coast of Lamberts Cove.
There is an existing structure and driveway. The building set back, side and rear line are shown. There is also a "100' building set back and buffer from coastal resources" line drawn 100' from the Lambert Cove shore line.
The property was subdivided into four lots. Lot #2 contained the existing building and driveway. Lot numbers 1, 3 and 4 each are affected by the required 100' Coastal Setback line as each lots Easterly building line.
The road abutting the property subdivision, Palmer Street, is less than twenty feet wide. The record is silent as to whether Palmer Street is designated as a minor local feeder or a residential access route. "Where a subdivision abuts or contains an existing street which does not comply with the specific width requirements, the subdivision shall dedicate the necessary area to the Town for street wideness and show such widening on the final subdivision plan."This court disagrees that the word" necessary has a meaning that thrusts upon the Planning Commission the requirement that there be a showing that the road widening is a necessity. The court's interpretation is that such space that would be necessary to widen the road be dedicated on the plan. The subdivision in this case has not complied with the regulation.
The plaintiff's argue further that the regulation, as applied to the plaintiffs, unconstitutionally exacts property from the plaintiff. They argue that the U.S. Supreme Court in Nollan v. California Coastal Commission,483 U.S. 825, 107 S.Ct. 3141 (1987), held that there must be a reasonable relationship between the requirements of the regulation and the use of the land. The plaintiffs argue that this relationship does not exist in the present case, since there is no showing that the subdivision would generate increased traffic which would require wider roads. In Weatherly v. Town Plan Zoning Commission, supra, the plaintiff appealed the defendant commission's denial of the plaintiff's subdivision application. The commission had denied the application because the plaintiff had not met a subdivision regulation which required the plaintiff to dedicate a portion of the subdivision property to the town so that a street abutting the proposed CT Page 8361 subdivision could be widened to fifty feet. The plaintiff argued that the application of this regulation constituted a taking. The court stated:
 Because the imposition of subdivision controls benefits the health, safety, morals and general welfare of the community, it is an exercise of the town's police power;. . . and as such does not require the exercise of the power of eminent domain. . . . Where reasonable and impartial, a commission's power to regulate the use of land does not constitute a taking without due process of law or just compensation. (Citations omitted.)
Id., 122-23.
The court held that the regulation, as applied by the commission, was reasonable and impartial, because it did not oblige the plaintiff to pay for the required road, widening or make off-site improvements; the plaintiff could satisfy the regulation by dedicating a portion of his property to the town. Id., 123.
In the present case, Subdivision Regulations6-2.E. also only requires the dedication of a portion of the plaintiffs' property.
Accordingly, the Commission's application of6-2.E. does not constitute a taking without due process of law or just compensation.
The plaintiffs argue that the Subdivision, Regulations 6-2.E. requirement that the subdivider dedicate the "necessary" area to the Town of Stonington is vague and that 6-2.E. is impermissibly vague because it applies only" insofar as practicable" and variation from the regulation are permitted "only where it is impracticable to do otherwise." As stated above, issues regarding the validity of a regulation may properly be raised by a declaratory judgment action, instead of an appeal by a prospective subdivider. Christoforo v. Planning Zoning Commission, supra, Bombero v. Planning Zoning Commission, supra. Where a subdivision applicant raises such issues on appeal instead of in a declaratory judgment action, the court lacks jurisdiction to render judgment on these issues. Cristoforo v. Burlington, supra, 109.
CT Page 8362 The court lacks jurisdiction to render on these issues.
Section 1.4 page 20 of the Zoning Regulations has 8 illustrations labeled in a manner to indicate street line, front line, side line and rear line.
"Practical" is defined in Balentine's Law Dictionary as feasible; workable; usable. "Impracticable" is defined as not feasible; not capable or successful or worthwhile accomplishment. "In matters of business, a thing is commonly treated as "impracticable" when it cannot be done without laying out more money than the thing is worth. Devitt v. Providence Worthington Ins. Co., 61 App.Div. 390,70 N.Y.S. 654.
The subdivision in the present case had to deal with a parcel bounded as aforesaid. The existing structure and driveway is contained in Lot #2. The other three lots, Lot 1, Lot 3 and Lot 4 are subdivided conforming to the other building restrictions, (i.e.) 100' buffer from coastal resources. That portion of the side line that intersects with the street are at right angle or extreme to the street line. The court cannot conclude from the record or regulations themself that the regulations that all side lines be straight and perpendicular to the street. Side lines of lots must conform to other already existing boundaries, be it land or water, to require an owner or subdivision to reduce a subdivision parcel from four lots to three lots in order to comply with this regulation would not be practicable to the owner subdivider. To the contrary, it would be contrary, impracticable. This court finds no support in the record that the submitted plan violates or does not conform with Chapter VI — 3E.
In an appeal from a denial of a subdivision application, the court should determine whether any of the reasons for denial given by the commission are supported by the regulations, and whether the denial, based upon specific sections of the regulations, is reasonably supported by the evidence in the record.
The conclusions of the commission must stand if even one of the stated reasons is reasonably supported by the record. Weatherly v. Town Plan Zoning Commission, 23 Conn. App. 115,119, 579 A.2d 94 (1990).
The court having so found the plaintiff's appeal is dismissed.
CT Page 8363 John F. Walsh, J.