[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is essentially an appeal of the denial by the Darien Planning and Zoning Commission (hereinafter "PZC") of a subdivision application of the plaintiff John Hertz (hereinafter "Hertz") and his wife Deborah Hertz, the co-applicant.
Testimony of Mr. Hertz on June 2, 1993 established that he acquired the property at 12 Hillside Avenue in Darien, Connecticut (the property) through his construction company in 1985, and that it was deeded to the names of Mr. and Mrs. Hertz in 1988 (see Warranty Deed Exhibit A). The property is situated on the east side of Hillside Avenue, approximately 400 feet from the corner formed by the intersection of Hillside Avenue and Boston Post Road. (Return of Record, hereinafter "ROR") Item A. The property is located in the R-1/3 zone. (ROR, Items A and B). The property has an area of 1.62 acres, well in excess of the minimum lot size in the zone. On April 24, 1990, the Commission held a hearing on plaintiff's subdivision application, but this meeting was adjourned until May 22, 1990 in order to give plaintiff time to resubmit a revised drainage plan and to give notice to some of the other neighbors. (ROR, Item NNN). At the rescheduled hearing the plaintiff presented the new drainage plan. (ROR, Item 000).
Mr. Hertz testified that he and his wife applied for the subdivision of their property on two lots when they learned that the "PZC" was considering an amendment to the Zoning Regulations that would prohibit rear lots in the R-1/3 zone. Since the "property" is connected to Hillside Avenue by an access strip, this amendment (approved on March 24, 1990) would have the effect of prohibiting any further development of the "property" despite its considerable size. The Hertz subdivision application was filed CT Page 10707 with the Commission prior to the effective date of this amendment although the public hearings took place after the effective date of said amendment.
The "PZC" denied the plaintiff's application on July 24, 1990 and stated fourteen findings upon which it based its decision. (ROR, Item LLL). Twelve of the fourteen reasons stated by the "PZC" addressed concerns that the plaintiff's drainage plan did not satisfy the town subdivision regulations. One of the twelve drainage related reasons was that plaintiff's revised plan had not been reviewed by the Darien Environmental Protection Commission, (hereinafter "EPC"). The "EPC" is the agency charged with enforcement of wetland regulations in Darien. (ROR, Item LLL).
There was two findings that were put forward by the "PZC" as basis for denial of the subdivision act location which were not drainage related. The "PZC" found that the proposed subdivision would result in a property line by bisects the existing driveway and also, that the open space of the proposed subdivision did not comply with the subdivision regulations. (ROR, Item LLL).
Pursuant to Connecticut General Statutes 8-8, the plaintiff appeals from the denial of the subdivision application.
JURISDICTION
A. Aggrievement
Aggrievement is a jurisdictional question and a prerequisite to maintaining any appeal. Winchester Woods Associates v. Planning and Zoning Commission, 219 Conn. 303, 307, (1991). "The question of aggrievement is essentially one of standing." DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373 (1991). "Aggrieved person means a person aggrieved by a decision of a board. . ." Connecticut General Statutes 8-8 (a)(1). An owner of the subject property is aggrieved and entitled to bring an appeal. Winchester Woods Associates v. Planning and Zoning Commission, supra, 308; Bossert Corporation v. Norwalk, 157 Conn. 279, 285 (1968).
The "PZC" contends that plaintiff is not aggrieved because the co-applicant, Deborah Hertz, has not joined in this appeal. Nevertheless, "[a] co-owner of property who pleads a threatened injury to a specific proprietary interest therein has been held to have the right to appeal as an aggrieved person. . . .;" Smith v. Planning and Zoning Board, 3 Conn. App. 550-555 (1985). Therefore, CT Page 10708 the plaintiff has established aggrievement and the standing necessary to bring this appeal even though his wife has not joined as a party. It is well settled in Connecticut that "[t]he owner of the property which forms the subject matter of the application to the agency is always aggrieved." R. A. Fuller, Connecticut Practice, Volume 9, Land Use Law and Practice (1993) at 538. The court also finds that the rejection of the subdivision application denied the plaintiff, an experienced building contractor, from enjoying the value of an additional building lot.
B. Timeliness of the Appeal, Service and Citation
An aggrieved party may take an appeal to the Superior Court "within fifteen days from the date when notice of such decision was published in a newspaper." (Connecticut General Statutes 8-8 (b). In the present case, notice of the Board's decision was published in the Darien News Review on August 2, 1990. (ROR, Document MMM). The plaintiff commenced this appeal when the sheriff served process on the Chairman of the Commission and the Darien Town Clerk on August 15, 1990 (sheriff's return). Therefore, the plaintiff has complied with General Statutes 8-8 (b).
C. Scope of Review
"[A] municipal planning commission in exercising its function of approving or disapproving any particular subdivision plan, is acting in an administrative capacity and does not function as a legislative, judicial or quasi-judicial agency. . ." (Citations omitted). Reed v. Planning and Zoning Commission, 208 Conn. 431,433 (1988). "The planning commission, acting in its administrative capacity herein, has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance." Id. "It if does not conform as required, the plan may be disapproved." Id.
In an appeal from the denial of the subdivision application, the issue before the trial court is whether any of the Commission's stated reasons are supported by the language of the Regulations and whether the denial is reasonably supported by the evidence in the record. Weatherly v. Town Planning and Zoning Commission, 23 Conn. App. 115,119, (1990). The Commission's action is to be sustained if any one of the reasons stated is sufficient to support the decision. Primerica v. Planning and Zoning Commission, 211 Conn. 85,96, (1989). The burden of proof to demonstrate that the Commission acted improperly is on the plaintiff. Spero v. Zoning CT Page 10709 Board of Appeals, 217 Conn. 435, 440 (1991).
Essentially, the plaintiff sets forth three reasons why his appeal should be sustained. He first argues that the "PZC's denial of his subdivision application is not reasonably supported by the record. Secondly, plaintiff contends that his application satisfied all of the town's subdivision regulations, and therefore, the "PZC" was required to approve it. Thirdly, he asserts that the Commission violated Connecticut General Statutes 8-26 and acted illegally because it rendered a decision before the "EPC" had submitted a report with a final decision to the "PZC". Plaintiff contends that he fully complied with the statute when he submitted his subdivision application to the "EPC". Plaintiff further contends that the statute does not require an applicant to reapply to the "EPC" in the event of a re-scheduled hearing and that if the "PZC" deemed it necessary for the revised plan to be submitted to the Wetlands Agency, the "PZC" should have referred him back to the "EPC".
The defendant "PZC" argues that it was not obligated to approve the plaintiff's proposed subdivision because the plan did !not comply fully with the subdivision regulations. Furthermore, the Commission contends that its denial of the plaintiff's proposed subdivision is reasonably supported by the record. The "PZC" argues that nothing in General Statutes 8-26 requires it to refer one applicant back to the "EPC", and since the plaintiff's revised plan had not been reviewed by the "EPC", the Commission could deny the application on that basis alone.
The plaintiff's third claim, that the "PZC" acted illegally because it had rendered a decision before the "EPC" had submitted a report with a final decision, is discussed first because it is dispositive of this appeal. General Statutes 8-26 provides in pertinent part:
 "If an application involves land regulated as an inland wetland or watercourse under the provisions Chapter 440, the applicant shall submit an application to the agency responsible for administration of the inland wetlands regulations no later than the day of the application is filed for the subdivision or re-subdivision. The Commission shall not render a decision until the inland wetlands agency has submitted a report with its final decision to such Commission. In making, its decision, the Commission shall give due consideration to the report CT Page 10710 of the inland wetlands agency. . . . (Connecticut General Statutes 8-26)."
The court must first consider whether or not the plaintiff's revised plan is an "application" which requires submission to the "EPC", within the meaning of Connecticut General Statutes 8-26. When an original wetlands permit specifically referred to a revised subdivision plan and the applicant had sought approval of the revised plan after the subdivision had been approved, the application did not have to be resubmitted to the Inland Wetlands Commission in order to satisfy Connecticut General Statutes 8-26.
In the present case, submission of the revised plan to the "EPC" would be required because the "EPC" had not been apprised of the substantial changes in the plaintiff's plan that could impact on the wetlands. (ROR, Item MM). Although the "EPC" had reviewed the first plan, the revised plan was substantially different, (ROR, Item MM), and without a second application, these changes would be unreviewed by the "EPC".
The court must next consider whether the burden to resubmit the application to the "EPC" is on the plaintiff or whether the "PZC" has an obligation to refer it or advise the plaintiff to submit a new application to the "EPC". The duty to make the initial application is clearly on the plaintiff. (Connecticut General Statutes 8-26). Mr. Hertz did in fact, file an original application with the "EPC" and therefore, did comply when he submitted this original application. (see, ROR, Item M).
Connecticut General Statutes 8-26 does not explicitly require referral by the "PZC"; it requires only that the Commission not render a decision until the Wetlands Agency issues a final decision and report. Nevertheless, the Darien Zoning Regulations provide in pertinent part:
 "Each application under this section shall be referred by the Planning and Zoning Commission to the Environmental Protection Commission, . . . where they would have a specific interest, for an advisory report." (Section 800: Protection and Conservation of Land, Wetlands, Watercourses. . .) (Darien Zoning Regulations Section 804).
Therefore, pursuant to its own regulations, the "PZC" had a duty to refer the application to the "EPC". The "EPC" had a CT Page 10711 "specific interest" in the case because it had already become involved in the application process when it reviewed the plaintiff's initial subdivision proposal (ROR, Item M). The court finds that the "PZC" knew that the plaintiff had developed a new drainage plan that could impact and would impact on the wetlands, as evidenced by the "PZC's" own finding that failure of the "EPC" to review the revised plan constituted a basis upon which it would deny plaintiff's subdivision application. (ROR, Item LLL).
This court also had considered whether the "PZC" acted illegally when it rendered a decision without a final report from the "EPC". The court finds that this is an administrative procedural defect in the "PZC's" acting without the "EPC's" report and final decision thereby rendering the "PZC's" decision, one which is null and void. This is especially so since did not consider new material that it should have considered and ruled upon. Here the record reflects that the "PZC" never considered an "EPC" report on plaintiff's revised plan (ROR, Items J, M); therefore, the court finds that the "PZC's" decision is null and void.
Accordingly, the plaintiff's appeal is hereby sustained because the "PZC" acted without a report and a final decision from the "EPC" as required by Connecticut General Statutes, Sec. 8-26.
Rodriguez, J.