[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action, Stephen Amedy, seeks a review of the decision of the defendant Willington Planning and Zoning Commission's (commission) denial of his one-lot subdivision application dated January 5, 1996. On July 23, 1997, the matter was argued before this court and the following facts are found and findings are made.
On or about January 5, 1996, the plaintiff filed an application with the commission seeking a one-lot subdivision of land located off Route 320 in Willington, Connecticut (subject property) and a waiver of the lot-size requirements of the Subdivision Regulations of the Town of Willington (regulations). (Return of Record [ROR], Items 1, 18.) The commission advertised the application for a public hearing to be held on April 16, 1996. (ROR, Item 8.) On April 16, 1996 the hearing was continued CT Page 11607 to May 7, 1996, at which time the hearing was held and closed. (ROR, Item 14, p. 7)
On May 21, 1996, after discussion, the commission first denied the plaintiff's request for a waiver of the lot-size requirements. The denial of the waiver was based upon the plaintiff's failure to meet the five requirements of Chapter X of the regulations. (ROR, Items 14, 17.) Specifically, the commission found that the plaintiff failed to meet the requirements of sections (a), (c) and (d). (ROR, Item 14.) To qualify for a waiver, section (a) requires that conditions exist on the subject property which are not generally applicable to other land in the Town. The commission found that the existence of wetlands soils is not unique to the subject property. Section (c) requires that said conditions were not created by the property owner nor by his/her predecessor(s) in title. The commission found the plaintiff's predecessor in title created the subject property and therefore created the conditions, by creating an undersized lot without subdivision application or approval. Section (d) states that the granting of the modification or waiver be in harmony with the purpose and intent of the regulations. The commission found the granting of this waiver would not be in harmony with these regulations which specifically plan for larger lots since Willington is not served by a sewer system or public water. (ROR, Item 14, p. 7.)
The commission then denied the plaintiff's subdivision application for two reasons. (ROR, Item 14, p. 7.) First, the commission found that the plaintiff had failed to meet the requirements of Chapter VI Section 3 (f) (1) and Chapter VI Section 3 (f) (2). Chapter VI (f) provides in relevant part that "[t]o ensure that all proposed subdivision lots have an adequate area for on-site water and sewerage systems . . . to minimize drainage problems and facilitate ground water recharge . . . (1) the area and width of the proposed lots shall conform to the Willington Zoning Regulations . . . and shall be able to contain an area as nearly rectangular as possible of 40,000 square feet, such rectangle having no sides less than one hundred seventy-five 175 feet . . . with no part of that rectangle to be in soils classified as poorly or very poorly drained . . . (2) the lots shall be as nearly rectangular as is practical . . . ." The second reason for denying the subdivision was because the plaintiff "has not demonstrated that he will `minimize' drainage problems and the Commission is not convinced that there will not be creation of drainage problems through an increase in runoff CT Page 11608 toward abutting properties and the road." (ROR, Item 14, p. 7.)
The commission acted pursuant to General Statutes § 8-25
and 8-26. The plaintiff appealed pursuant to General Statutes § 8-8 (b) (1).
The plaintiff commenced this appeal on June 18, 1996 by service of process on the town clerk of the Town of Willington and the chair of the commission. (Sheriff's Return.) The commission filed the return of record and answer on September 16, 1996. On October 10, 1996 and November 4, 1996, the commission filed a supplemental return of record. On October 16, 1996 the plaintiff filed his brief in support of his appeal and the commission filed its brief on November 15, 1996.
 I
In his complaint, the plaintiff claimed that the commission acted arbitrarily and illegally and abused its discretion in denying the plaintiff's subdivision application and request for waiver. Specifically, the plaintiff claimed that the commission's decision was based upon factors other than those it could legally consider; the decision was contrary to and not supported by the record created at the hearing; the decision was contrary to the Connecticut General Statutes and the subdivision and zoning regulations of the Town; it rendered as a nullity the prior decision of the Willington Zoning Board of Appeals; and, as applied to the facts of this case, one of the subdivision regulations of the Town of Willington is more restrictive than the zoning regulations of the Town of Willington. The commission denied all of the claimed errors. The plaintiff makes only two arguments in his brief. First, the plaintiff claims the decision to deny the application based on Chapter VI, Section 3, (f) (1) and (2) is improper because the plaintiff has met the requirements of that regulation. Second, the plaintiff argues that, because no member of the commission expressed concern about storm water runoff during the application process, the record does not support the commission's decision. The other issues mentioned in the appeal, but not briefed are considered abandoned. Ierardi v. Commission on Human Rights Opportunities, 15 Conn. App. 569, 585, 546 A.2d 870, cert. denied, 209 Conn. 813, 550 A.2d 1082 (1988); Practice Book § 285A.
II
CT Page 11609
Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over an administrative appeal. Jolly,Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192,676 A.2d 831 (1996). In the present case, the plaintiff is the owner of the property that is the subject of the commission's decision and has properly pleaded aggrievement. (ROR, Item 1, Complaint ¶ 5.) The plaintiff served process on the commission less than fifteen days after the commission's decision was published in the local newspaper on June 4, 1996. (ROR, Item 16.) This appeal is timely and the proper parties were served pursuant to General Statutes § 8-8 (b), (e). In administrative appeals, the citation is analogous to the writ that is used to commence a civil action and directs a proper officer to summon the agency whose decision is being appealed. Sheehan v. Zoning Commission,173 Conn. 408, 413, 378 A.2d 519 (1977). There is a proper citation in this matter. (Sheriff's Return.) Giving a bond or recognizance is an essential element in taking an administrative appeal. Id., 410. The plaintiff has filed a recognizance for the benefit of the commission. (Recognizance.) All of the statutory requirements having been complied with, this court has jurisdiction to decide these issues.
 III
The property which is the subject of this appeal is one of three parcels that at one time formed a single parcel. (ROR, Item 10, p. 1.) In 1973, the property was divided into three parcels. (ROR, Item 13, p. 1.) The subdivider, however, did not obtain subdivision approval. (ROR, Item 13, p. 1.) For some unexplained reason, the two other parcels, which are not the subject of this appeal, have been improved with residences without subdivision approval. (ROR, Item 13, p. 1.) The plaintiff purchased the subject property in 1989 and upon applying for a building permit discovered that the subject property did not have subdivision approval. (ROR, Item 10.) In the process of attempting to obtain subdivision approval, the plaintiff applied for and received approvals from the Inland Wetlands Commission and the town sanitarian. (ROR, Item 10, p. 1.) The plaintiff also sought and obtained a variance from the Zoning Board of Appeals as the subject property did not comply with the existing lot-size and frontage requirements of the zoning regulations. (ROR, Item 13, p. 1.)
IV
CT Page 11610
As in all administrative appeals, the burden is on the appellant to establish that the actions of the administrative agency were arbitrary in denying the application. Shailer v.Planning Zoning Commission, 26 Conn. App. 17, 25,596 A.2d 1336 (1991). "[A] municipal planning commission, in exercising its function of approving or disapproving any particular subdivision plan, is acting in an administrative capacity. . . . The planning commission . . . has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. . . . If it does not conform as required, the plan may be disapproved." (Citations omitted; internal quotation marks omitted.) Reed v. Planning Zoning Commission,208 Conn. 431, 433, 544 A.2d 1213 (1988). The trial court, in reviewing the action of a planning commission regarding a subdivision application, may not substitute its judgment on the facts for that of the planning commission. Weatherly v. Town Plan ZoningCommission, 23 Conn. App. 115, 119, 579 A.2d 94 (1990). "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the road."Property Group, Inc. v. Planning Zoning Commission,226 Conn. 684, 697, 628 A.2d 1277 (1993).
 V
A. Minimizing Drainage Problems
The plaintiff claims that since the commission never indicated the plaintiff's subdivision application was lacking in any way or expressed concern about storm water runoff, the record does not support this reason, and thus, the reason fails. The commission argues that the plaintiff has the burden of meeting all the requirements of the regulations, including those pertaining to drainage, the plaintiff's application is void of any information regarding drainage, and the commission does not have the responsibility of informing the plaintiff of missing elements in the application.
"General Statutes § 8-25 requires commissions to adopt subdivision regulations and grants them the power to govern the subdivision of land." Weatherly v. Town Plan ZoningCommission, supra, 23 Conn. App. 120. General Statutes §8-25 (a) states, in pertinent part, "[s]uch regulations shall provide . . . that proper provision shall be made for water, drainage and sewerage." The regulations adopted by the commission CT Page 11611 contain several provisions pertaining to drainage. Chapter III, Section 3 (a) (v) requires a final subdivision application contain a hydraulic study conforming to Chapter IV, Section 4. Chapter III, Section 3 (b) states that the applicant provide proposed grades, drainage arrangements and drainage easements from a licensed professional engineer and land surveyor. Chapter IV, Section 4 states that the applicant provide a hydraulic study sufficient to demonstrate compliance with the requirements of Chapter VI, Section 1 (e). Chapter VI, Section 1 (d) pertains to drainage easements. Chapter VI, Section 1 (e) (1) provides in part that the subdivider furnish projections of the increase of storm water runoff created by the proposed development from the 2-year, 10-year, and 100-year frequency, 24-hour duration Type II distribution storms. Chapter VI, Section 1 (e) (2) provides in part that no increase in peak flow from these storms shall be allowed unless downstream increases are compatible with an overall flood plan management system. Chapter VI, Section 1 (e) (3) discusses the design of storm water detention structures. Chapter VI, Section 4 provides details for the design of storm drainage systems. "In passing on subdivision plans, the [commission] is to be controlled by the regulations which it has adopted." (Citation omitted; internal quotation marks omitted.)Westport v. Norwalk, 167 Conn. 151, 157, 355 A.2d 25 (1974).
The plaintiff's application consists of the compliance form with attachments, a map indicating the construction of a residence, a driveway, a well, a septic system, the regrading of a land area close to wetlands, and a request for the waiver. (ROR, Items 1, 3, 18.) The commission was presented with an application which it found to be defective due to the lack of proposal would not create drainage problems due to an increase in runoff and found the plaintiff did not provide any information indicating he would minimize drainage problems. It is the function of the commission to decide within the exercise of its legal discretion whether a particular section of the subdivision regulations apply to a given situation. Krawski v. Planning Zoning Commission, 21 Conn. App. 667, 670-71, 575 A.2d 1063, cert. denied, 215 Conn. 814, 576 A.2d 543 (1990). "The essential question, in any case, is whether the commission's decision is reasonably supported." (Citation omitted; internal quotation marks omitted.) Westport v. Norwalk, supra, 167 Conn. 161.
As mentioned above, the regulations contain several provisions pertaining to drainage and runoff issues. Some of the drainage reports do not have to be provided until the commission CT Page 11612 makes a finding of necessity. See Chapter VI, Section 1 (d), Chapter VI, Section 1 (e) (3), Chapter VI, Section 4. Chapter VI, Section 1 (e) (1), however, requires that the subdivider furnish projections of the increase of storm water runoff created by various storms. This requirement is not conditional. Depending on the projections, an applicant may have to produce data regarding drainage arrangements, such as a storm drainage system, a drainage easement, or a flood plan management system.
The plaintiff argues that since the commission did not raise a concern about storm water runoff during the application process, this reason for denying the application is not supported by the record. The Connecticut Supreme Court has long held that "[t]his excuse is of no avail." Treat v. Town Plan ZoningCommission, 145 Conn. 406, 408, 143 A.2d 448 (1958) (parties dealing with a public agency are bound at their peril to notice the measure of its authority). Accord Leech v. Gaetz,31 Conn. Sup. 81, 84, 322 A.2d 599 (1973) (commission would have had good grounds to reject application and map if they did not meet its requirements). The plaintiff had the burden of meeting the requirements of the commission's regulations. Shailer v.Planning Zoning Commission, supra, 26 Conn. App. 25.
The court concludes that it was within the commission's discretion to apply Chapter VI, Section 1 (e) (1) of the regulations to the plaintiff's application. This regulation required the plaintiff to provide projections of storm water runoff, which the plaintiff failed to provide. The court finds the record supports the commission's decision to deny the subdivision application for the application's failure to conform to the regulations.
B. Meeting Lot-Size Requirements
The commission may enact regulations allowing the commission to waive certain requirements of the regulations where conditions exist which affect a certain property and are not generally applicable to other land in the area. General Statutes §8-26. The commission has enacted such regulation. (ROR, Item 17, p. 53.) The plaintiff made a waiver request, stating that special conditions exist which qualify the subject property to a waiver of the lot-size requirements that are set forth in Chapter VI, Section 3 (f) (1) of the regulations. The commission denied the request. The plaintiff argues that the subject property was not an undersized lot when it was created, it abuts an identical lot CT Page 11613 that has a residence on it, the Inland Wetlands Commission and town sanitarian have given approval and the Zoning Board of Appeals has granted a variance. The plaintiff claims that by denying the waiver request and the subdivision application based on the lack of a waiver, the commission was unreasonable.
The record shows that when the subject property was subdivided in 1973, the plaintiff's predecessor did not obtain subdivision approval. When the plaintiff applied for subdivision approval, the subject property did not provide a buildable area of 40,000 square feet, with no side less that 175 feet excluding poorly drained soils, as required by Chapter VI, Section 3 (f) (1) of the regulation.[1] One of the criteria for a waiver is that conditions exist that are not generally applicable to other land in the town. (ROR, Item 17, p. 53.) The commission found that the existence of wetlands soil is not unique to the subject property. Another criteria for a waiver is that the condition not be created by the owner or his predecessor in title. (ROR, Item 17, p. 53.) The commission found that the condition was created by the plaintiff's predecessor as he created this undersized lot and did not obtain subdivision approval.
"Upon appeal, the trial court reviews the record before the [commission] to determine whether it has acted fairly or with proper motives or upon valid reasons." (Citations omitted; internal quotation marks omitted.) Shailer v. Planning ZoningCommission, supra, 26 Conn. App. 25. "[T]he trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts." (Citation omitted; internal quotation marks omitted.) Id., 22. The record supports the finding that there are wetlands conditions on the subject property which prevent the subject property from meeting the minimum building area requirements of the subdivision regulations. The record indicates the plaintiff's predecessor created this condition by dividing a larger parcel without subdivision approval and then selling the subject property to the plaintiff. The plaintiff, applying for subdivision approval in 1996, has come up against regulations that do not provide for a subdivision of this size lot with these wetland conditions. The court finds that the commission correctly interpreted the waiver requirements and applied the waiver requirements with reasonable discretion to the subject property. It is the failure of the plaintiff's predecessor to obtain subdivision approval when he divided the parcel that has left the subject property to be governed by the regulations in effect in CT Page 11614 1996. As a result, the subject property did not qualify for a waiver. "The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached." Property Group, Inc. v.Planning Zoning Commission, supra, 226 Conn. 697. Having reasonably denied the plaintiff's request for a waiver of the lot-size requirement, the commission reasonably denied the plaintiff's subdivision application for the failure of the subject property to meet the lot-size requirement of Chapter VI, Section 3 (f) (1) of the regulations. The commission properly considered only whether the subdivision application conformed to the regulations in effect when the application was filed.Samperi v. Planning Zoning Commission, 40 Conn. App. 840,842, 674 A.2d 432 (1996).
 VI
The court finds the commission reasonably denied the subdivision application for its failure to provide information pursuant to Chapter VI, Section 1 (e) (1) of the regulations and for its failure to meet the requirements of Chapter V, Section 3 (f) (1) of the regulations.
Accordingly, the court dismisses the appeal.
Zarella, J.