# TIMBERLAND DEVELOPMENT CORPORATION *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF EAST HAVEN ET AL.
## (15195)

Foti, Schaller and Shea, Js.

Argued October 2—officially released November 26, 1996

*Benson A. Snaider*, with whom, on the brief, was *Kellie J. Garner*, for the appellant (plaintiff).

*James A. Mongillo*, with whom, on the brief, was *Hugh F. Keefe* and *James V. Somers*, for the appellees (defendants).

FOTI, J. The plaintiff appeals from the judgment of the trial court granting the defendants'[1] motion for summary judgment.[2] The complaint was brought in three counts, the first for tortious interference with economic relations, the second for breach of a duty of care, and the third pursuant to 42 U.S.C. § 1983.[3] The plaintiff sought compensatory damages, and, additionally, in the third count, punitive damages. We affirm the trial court's granting of the defendants' motion for summary judgment as to the first two counts; we reverse the judgment as to the third count.

The following facts and procedural history are necessary for a proper disposition of this appeal. The plaintiff purchased an option to buy a parcel of land, known as 495 Foxon Road, for $25,000. It is located in an R 3 zone. On February 12, 1988, the plaintiff submitted a petition to the named defendant, the East Haven planning and zoning commission (commission), for the establishment of a planned elderly facility district on

---

[1] In addition to the named defendant, the following members and alternates of the commission were also named as defendants: Ronald Mazzucco, Alfred J. Crank, Frank Cappelloni, William Lockery and Anthony Bagnoli, Jr.

[2] The record indicates that the trial court ordered the parties to submit cross motions for summary judgment; the plaintiff's motion for summary judgment was denied.

[3] The plaintiff's third count alleges that the defendants, "under color of law . . . knowingly conspired between and among themselves and aided and abetted one another in the unlawful denial of the plaintiff's fundamental right and statutory entitlement to develop its property and its right to private contract and thereby deprived [it] of its constitutional rights in violation of the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Sections 8 and 11 of the Constitution of the State of Connecticut, and 42 U.S.C. Section 1983."

this parcel. It also submitted studies, plans and test results, including a soil report, a traffic report, a wetlands permit and information regarding expected monthly charges to be made to the residents of that proposed elderly care facility. On September 7, 1988, after a public hearing, the plaintiff's request for a zone change and special exception was denied by the commission.

The plaintiff appealed to the Superior Court. The trial court, *Cretella, J.*, sustained its appeal, filing an eight page memorandum of decision on July 28, 1989, in which it ruled that the commission had improperly considered the application under an incorrect section of the East Haven zoning regulations. Although sustaining the appeal, the trial court did not order a remand,[4] but rather concluded as follows: "Accordingly, the relief sought by the plaintiff to have the application approved in addition to sustaining the appeal cannot be granted since the commission was entitled to consider under § 27 many of the identical conditions that are set forth in § 32. In future consideration of this matter, the board must be limited to considering only those provisions of § 27 of the zoning regulations."

On September 11, 1989, the plaintiff filed a motion in aid of judgment, requesting the court to enter an order "directing the commission to decide [the plaintiff's] application on its merits in accordance with the memorandum of decision in the case and in accordance with the provisions of section 27 of the zoning regulations." The trial court denied the plaintiff's request for an order of remand.[5] Also on September 11, 1989, the

---

[4] Appeals from zoning commissions and planning and zoning commissions are taken pursuant to General Statutes § 8-9. The Superior Court, after a hearing, "may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." General Statutes § 8-8 (f).

[5] During the hearing on the plaintiff's motion, the trial court was concerned about the necessity for a public hearing and inquired, "[I]s it possible to give [the plaintiff] a public hearing without requiring that he spend another

plaintiff, through counsel, requested in writing to the commission that the matter be set down for a rehearing and reconsideration, and requested notification of the date that it would be on the agenda of the commission. The commission ignored the plaintiff's request for a hearing or rehearing of the previously filed application.

On March 23, 1990, the plaintiff filed the complaint in the trial court that is the subject of this appeal. In granting the defendants' motion for summary judgment, the trial court found, as the parties had agreed, that no genuine issue of material fact existed. The plaintiff had neither addressed nor supported its first two counts in its brief, and the trial court determined that those counts had been abandoned. The court concluded, however, that the defendants were also entitled to judgment as a matter of law on the third count. In considering the procedural and substantive due process claims asserted by the plaintiff in the third count, the trial court concluded that the plaintiff had failed to demonstrate that it had a clear entitlement to the commission action it sought. It determined that the plaintiff's substantive due process claim was defeated by the discretion given to the commission by the regulations. It further determined that the plaintiff's procedural due process claim was defeated because "the plaintiff did not comply with the procedures of § 27 of the East Haven zoning regulations respecting informal meetings

$50,000 to put the package together?" Thereafter, counsel for the defendant commission stated: "[To] the extent that it carries any weight, I would recommend to the board and the attorneys [representing the board] that they consider giving a new public hearing with documents that have already been studied and the studies already furnished. To the extent they need any updating, they can update them. I think that's appropriate."

The court thereafter commented: "Now if we were to start from scratch again from square one and have the funds and the persistence to go through it all, we know that sometime he would have eventually ended up with this hearing. All I'm saying is that it might be equitable for the board to give him the hearing without that necessity." The court concluded: "If I could remand it, I would have but I couldn't."

and submissions of documents, and thus did not properly request a hearing nor submit an application [i.e., a second formal petition for the establishment of a planned elderly facilities district subsequent to the sustaining of the appeal brought by the plaintiff]."

Our review of the trial court's ruling on a motion for summary judgment is limited to whether the trial court incorrectly determined that there was no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Grimes* v. *Housing Authority*, 42 Conn. App. 324, 328, 679 A.2d 397 (1996). Because we agree with the trial court and the parties that there is no claim that there is a genuine issue of material fact, the dispositive issue before us is whether the defendants were entitled to judgment as a matter of law. *West Haven* v. *Hartford Ins. Co.*, 221 Conn. 149, 155, 602 A.2d 988 (1992); *Zichichi* v. *Middlesex Memorial Hospital*, 204 Conn. 399, 402, 528 A.2d 805 (1987). The dispute between the parties does not arise out of contested versions of the facts, but out of the legal significance of the facts as they relate to the legal rights and duties of the parties. See *Pinheiro* v. *Board of Education*, 30 Conn. App. 263, 268, 620 A.2d 159 (1993).

I

Our review of the record discloses that the plaintiff failed to brief or address, in its motion for summary judgment, its claim for tortious interference with economic relations, or its claim for breach of duty. The plaintiff, in failing to brief these issues properly, either in connection with its motion for summary judgment or thereafter, has abandoned them. *Gaynor* v. *Union Trust Co.*, 216 Conn. 458, 482, 582 A.2d 190 (1990). Therefore, we will not address them.

## II

The plaintiff claims that the trial court improperly rendered summary judgment for the defendants, as a matter of law, in ruling that it did not "properly request a hearing nor submit an application," and therefore was not deprived of its procedural due process rights. We agree that, as a matter of law, summary judgment was improperly rendered.

The defendants argue that the plaintiff never properly applied for a hearing, subsequent to the Superior Court's sustaining its appeal, that it never submitted a "formal petition" and "did not properly request and apply for a hearing on its application." They argue that "[i]n doing nothing besides sending this letter to the [commission], the plaintiff failed to follow § 27 of the East Haven Zoning Regulations," which requires a formal petition.[6] They also argue that the plaintiff, who spent approximately $60,000 in the original proceeding, together with plans and studies, must initiate an entirely new proceeding.

Our Supreme Court has indicated that where the court considers the action of an agency illegal, arbitrary or in abuse of its discretion, the court should go no further than to sustain the appeal taken from its action, and not order a remand with direction. *Bogue* v. *Zoning Board of Appeals*, 165 Conn. 749, 753–54, 345 A.2d 9

[6] Section 27.2 of the East Haven zoning regulations provides: "PRE-SUBMISSION CONSIDERATION: The Commission recommends that, prior to the submission, formal petition for the establishment of a Planned Elderly Facilities District, the petitioner review with the Commission and its staff in a preliminary and informal manner any proposal for a Planned Elderly Facilities District. The Commission recommends that four (4) copies of preliminary plans be submitted, meeting the basic requirements for General Development Plans under Paragraph 27.4.2 together with such additional information that may be necessary to possibly render a non-binding opinion by the Commission."

(1974).[7] If it does not appear as a matter of law that there is only one single conclusion that a commission could reasonably reach, a remand with direction is unwarranted. *Thorne* v. *Zoning Commission*, 178 Conn. 198, 206, 423 A.2d 861 (1979). "Once the appeal [is] sustained, it [is] of course, the duty of the defendant board to proceed according to law whether or not the court specifically directed that it do so." *Bogue* v. *Zoning Board of Appeals*, supra, 756.

While we recognize that a commission is entrusted with the function of interpreting and applying its regulations; *Samperi* v. *Planning & Zoning Commission*, 40 Conn. App. 840, 844, 674 A.2d 432 (1996); we do not agree that § 27.2 of the East Haven zoning regulations requires more than one formal petition for the establishment of a planned elderly facilities district. When the Superior Court sustained the plaintiff's appeal, it did not void or remove the presently pending petition that had been submitted by the plaintiff on February 12, 1988, pursuant to § 27 of the town regulations. The court specifically determined, properly without a remand, that "in future consideration of this matter, the board must be limited to considering only those provisions of § 27 of the zoning regulations." By "this matter," the court was obviously speaking of the pending application, because if not for that "formal petition" there was nothing before the court. While we conclude that the commission was not automatically obligated to rehear the matter on its own initiative, the plaintiff's letter of September 11, 1989, acknowledged as received by the defendant commission, was sufficient to require the commission to "proceed according to law." *Bogue* v. *Zoning Board of Appeals*, supra, 165 Conn. 756. That

[7] Where an appeal is sustained because of invalid or insufficient findings, however, a remand may be proper to the agency for further consideration. *Gorman Construction Co.* v. *Planning & Zoning Commission*, 35 Conn. App. 191, 199, 644 A.2d 964 (1994).

notice served as a proper request for a hearing on the application before the commission. The plaintiff was not required under the regulations of the town of East Haven to resubmit its application. Any impropriety in the procedure involving the initial petition was committed by the defendant commission and not by the plaintiff. The trial court incorrectly determined that the plaintiff did "not properly request a hearing nor submit an application." Having submitted its initial application and having properly requested a hearing on that application following the court's sustaining of its appeal, the plaintiff, as a matter of law, was entitled to a hearing. At that point, the commission had no discretion and was obligated to schedule a hearing. We conclude, therefore, that summary judgment was improperly rendered as to the third count.

The judgment is reversed as to count three and the matter is remanded for further proceedings on that count.

In this opinion the other judges concurred.