[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 9, 1997
I.
The following facts are taken from the decision in TimberlandDevelopment Corp. v. Planning Zoning Commission,43 Conn. App. 606 (1996), cert. denied. 240 Conn. 902 (1997), and are not in dispute. Timberland Development Corp., the plaintiff, purchased an option to buy a parcel of land, known as 495 Foxon Road, for $25,000. On February 12, 1988, Timberland submitted a formal petition to the defendant East Haven Planning and Zoning Commission for the establishment of a planned elderly facility district on this parcel. On September 7, 1988, after a public hearing, Timberland's request for a zone change and special exception was denied by the commission.
Timberland appealed, and the trial court, Cretella, J., sustained its appeal in a memorandum dated July 28, 1989, in which it ruled that the commission had improperly considered the application under an incorrect section of the East Haven zoning regulations. The trial court did not order a remand, but rather concluded: "Accordingly, the relief sought by [Timberland] to have the application approved in addition to sustaining the appeal cannot be granted since the commission was entitled to consider under § 27 many of the identical conditions that are set forth in § 32. In future consideration of this matter, the board must be limited to considering only those provisions of § 27 of the zoning regulations." Timberland Development Corp.v. Planning Zoning Commission, Superior Court, judicial district of New Haven, Docket No. 276005 (June 26, 1989, Cretella, J.). CT Page 4934
On September 11, 1989, Timberland filed a "motion in aid of judgment," requesting the court to enter an order "directing the commission to decide [the plaintiff's] application on its merits in accordance with the memorandum of decision in the case and in accordance with the provisions of [§] 27 of the zoning regulations." The trial court denied Timberland's request. Also on September 11, 1989, Timberland requested the commission to set the matter down for a rehearing and reconsideration, and requested notification of the date that it would be on the agenda of the commission. The commission ignored Timberland's request for a rehearing of the previously filed application.
On March 30, 1990, Timberland filed a complaint in the trial court. It alleges three counts against the commission and the individual defendants, Alfred Cronk, Frank Cappeloni, William Lockery, Anthony Bagnoli, Jr. and Ronald Mazzucco, all of whom were members of the commission at the time of its decision in this matter. The first count sounds in tortious interference with contractual relations; the second sounds in negligence; and the third is brought pursuant to 42 U.S.C. § 1983. All parties subsequently moved for summary judgment. In granting the defendants' motion for summary judgment, the trial court, Gordon, J., found, as the parties had agreed, that no genuine issue of material fact existed. Timberland failed to brief its first two counts, and the trial court determined that those counts had been abandoned. The court concluded, however, that the defendants were entitled to judgment as a matter of law on the third count. In considering the procedural and substantive due process claims in the third count, the trial court determined that Timberland's substantive due process claim was defeated by the discretion given to the commission by the regulations. It further determined that "[Timberland's] procedural due process claim was defeated because Timberland did not comply with the procedures of § 27 of the East Haven zoning regulations respecting informal meetings and submissions of documents, and thus did not properly request a hearing nor submit an application . . ." Timberland DevelopmentCorp. v. Planning Zoning Commission Superior Court, judicial district of New Haven, Docket No. 297525, 14 CONN. L. RPTR. 590 (August 8, 1995, Gordon, J.).
Timberland appealed the decision, and the Appellate Court reversed and remanded for further proceedings on the third-count finding that "[Timberland] was not required under the regulations of the town of East Haven to resubmit its application . . . The trial court incorrectly determined that [Timberland] did `not CT Page 4935 properly request a hearing nor submit an application.'"Timberland Development Corp. v. Planning Zoning Commission,supra, 43 Conn. App. 613.
On February 3, 1997, Timberland filed a motion for summary judgment, as to the third count, accompanied by a memorandum of law and seven exhibits. On February 27, 1997, the commission filed a motion for summary judgment as to the third count accompanied by a memorandum of law.[1]
 II.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." HomeIns. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
Timberland moves for summary judgment solely on the issue of liability on the ground that there is no issue of material fact and that it is entitled to judgment as a matter of law. Timberland further moves the court to order an immediate hearing to ascertain the amount of damages. Timberland argues that its third count claims a deprivation of rights in violation of thefifth and fourteenth amendments to the United States Constitution and that 42 U.S.C. § 1983 provides redress for such deprivation. It maintains that it was denied its constitutional right to due process of law by the commission's failure to give it a hearing. Timberland argues that it had a constitutionally protected property interest in applying for the special exception permit. It contends that according to RRI Realty Corp. v. Inc.Village of Southampton, 870 F.2d 911, 919 (2d Cir.), cert. denied, 493 U.S. 893, 110 S.Ct. 240, 107 L.Ed.2d 191 (1989), the court must determine whether Timberland was entitled to the "zoning benefit sought and therefore had a `property interest in the permit' sought in order to justify an award of damages." (Timberland's memorandum, p. 12.) Timberland observes that the zoning benefit it "sought was a reconsideration or rehearing of its application which had been illegally denied by [the commission]." (Timberland's memorandum, p. 12.)[2] Timberland further argues that summary judgment is appropriate because the Appellate Court decided that it was entitled to a hearing as a matter of law and that the issue "of whether any rights, privileges or immunities secured by the constitution have been deprived the plaintiff by persons acting under color of state law CT Page 4936 has been resolved by the Appellate Court in Timberland43 Conn. App. at 612-13." (Timberland's memorandum, p. 13.) Timberland emphasizes that its sole claim is that it was entitled to an opportunity to receive a reconsideration and a rehearing of the original application and the arbitrary, oppressive action of the commission unconstitutionally denied it such an opportunity.
 III.
In reversing the trial court, the Appellate Court stated that "[w]hile we conclude that the commission was not automatically obligated to rehear the matter on its own initiative, the plaintiffs letter of September 11, 1989, acknowledged as received by the defendant commission, was sufficient to leave the commission to `proceed according to law.' Bogue v. Zoning Boardof Appeals, [165 Conn. 749, 756 (1974)]. That notice served as a proper request for a hearing on the application before the commission. [Timberland] was not required under the regulations of the town of East Haven to resubmit its application . . . The trial court incorrectly determined that the plaintiff did `not properly request a hearing nor submit an application.' Having submitted its initial application and having properly requested a hearing on that application following the court's sustaining of its appeal, [Timberland], as a matter of law, was entitled to a hearing. At that point, the commission had no discretion and was obligated to schedule a hearing. We conclude, therefore, that summary judgment was improperly rendered as to the third count."Timberland Development Corp. v. Planning . Zoning Commission,supra, 43 Conn. App. 612-13.
The holding of the Appellate Court is carefully limited. It does not reach as far as Timberland contends. The Appellate Court neither expressly stated nor implied that Timberland had a constitutionally protected property interest in the rehearing. It merely found that Timberland had properly requested a rehearing. Moreover, the trial court's decision did not address the merits of the procedural due process claim. The trial court observed "[t]here can be no procedural due process claim where the plaintiff has failed to initiate its application in accordance with the law . . . [Timberland] did not comply with the procedures of § 27 of the East Haven zoning regulations respecting informal meetings and submissions of documents, and thus did not properly request a hearing or submit an application." Timberland Development Corp. v. Planning ZoningCommission, supra, Superior Court, Docket No. 297525, 14 CONN. L. CT Page 4937 RPTR. 590 at 592. Based on this determination, the trial court granted summary judgment. The Appellate Court concluded that § 27 does not require a party to resubmit a formal application when requesting a rehearing after an appeal is sustained, because after the appeal is sustained the application is still pending before the commission. The court concluded that Timberland properly requested a rehearing and that summary judgment was improperly rendered based on the ground that Timberland did not follow the proper procedure. The Appellate Court then remanded for further proceedings as to count three. The Appellate Court did not apply or discuss the constitutional test applicable in determining whether a plaintiff has been deprived of its constitutional due process rights. The absence of constitutional language strongly suggests that the court's holding applies only in the context of a request for a rehearing after an appeal from the commission is sustained. In addition, the court declared only that Timberland should have been given a rehearing on its pending application. It did not state that Timberland was entitled to an award of damages pursuant to42 U.S.C. § 1983 due to the denial of the rehearing, nor did it order proceedings to determine damages. Accordingly, Timberland's reliance on the Appellate Court's decision as authority for its entitlement to judgment as a matter of law on its 42 U.S.C. § 1983
claim is misplaced.
 IV.
Title 42 U.S.C. § 1983 provides, in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." "[T]he touchstone of [a] § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution . . ." Tedesco v. Stamford, 215 Conn. 450, 456
(1990). The United States Constitution provides that the "State [shall not] deprive any person of life, liberty, or property, without due process of law . . ." U.S. Const. amend. XIV, § 1.
"The [plaintiffs] claim is one of procedural due CT Page 4938 process . . . [A]n entitlement to procedural due process requires an underlying substantive entitlement or protected property interest." (Emphasis in original.) New England Savings Bank v.Lopez, 227 Conn. 270, 276 (1993). The Connecticut Supreme Court has adopted the Second Circuit Court of Appeals' "clear entitlement" test in determining whether a claimant in a land regulation case has stated a due process claim under the federal constitution. Red Maple Properties v. Zoning Commission,222 Conn. 730, 738-39 (1992), citing RRI Realty Corp. v. Inc. Villageof Southampton, supra, 870 F.2d 915-18.[3]
"The `clear entitlement' test mandates the possession of a constitutionally protected property interest as a threshold requirement for a successful substantive or procedural federal due process claim . . . If a claimant does not establish a constitutionally protected interest, the due process analysis ceases because no process is constitutionally due for the deprivation of an interest that is not of constitutional magnitude. If, however, a due process claimant does establish a constitutionally protected interest, [the claimant] may then seek to establish other required elements of the due process claim, such as reliance on inappropriate procedures or arbitrary or oppressive conduct. See generally Zinermon v. Burch,494 U.S. 113, 127-28, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (procedural due process); Daniels v. Williams, 474 U.S. 327, 331-32,106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (substantive due process)."Kelley Property Development, Inc. v. Lebanon, 226 Conn. 314,321-22 (1993).
"The `clear entitlement' test asks whether there is a certainty or a very strong likelihood that the application in question would have been granted, but for the wrongful conduct of the local officials . . . A very strong likelihood means not simply a high probability of approval, but rather a virtual assurance of approval because any discretion is narrowly circumscribed . . . Application of the [`clear entitlement'] test must focus primarily on the degree of discretion enjoyed by the issuing authority, not on the estimated probability that the authority will act favorably in a particular case." KelleyProperty Development, Inc. v. Lebanon, 226 Conn. 322-23. "Although both the Second Circuit and this court have applied the `clear entitlement' test primarily in cases involving substantive due process claims . . . that test applies with equal force in procedural due process cases." Id., 322 n. 14. CT Page 4939
In the present case, Timberland argues that it had a "clear entitlement" to a rehearing for a special permit because the board had no discretion but to schedule a rehearing.
Timberland's purported procedural due process claim is nothing more than its previously rejected substantive due process claim, in a different guise. In making its present procedural due process claim, Timberland claims that its constitutionally protected property interest is its right to a rehearing, and that its damages arise from the commission's refusal to grant a rehearing on its application.[4] Timberland argues that because the commission had no discretion to deny the rehearing, it has a constitutional property right in the rehearing. Timberland therefore concludes that the commission is bound by the constitution to provide the rehearing. The plaintiff tries to convert a simple procedural right into a constitutional property right. It cannot succeed. "A party seeking to demonstrate a property interest entitled to protection under the due process clause cannot simply rely upon the procedural guarantees of state law or local ordinance." Double I Limited Partnership v. Plan Zoning Commission, 218 Conn. 65, 78 (1991). See BAM HistoricDist. Ass's v. Koch, 723 F.2d 233, 236-37 (2d Cir. 1983) ("[a]lthough a Due Process Clause liberty interest may be grounded in state law that places substantive limits on the authority of state officials, no comparable entitlement can derive from a statute that merely establishes procedural requirements . . . [A]n expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause"). Accordingly, to the extent that Timberland argues that it has a constitutional entitlement arising out of its right to a rehearing, its argument is without merit. It has a right to a rehearing, but it is not grounded in the constitution.[5]
Since Timberland has failed to establish that it has a constitutionally protected property interest, no process is due. "If a claimant does not establish a constitutionally protected interest, the due process analysis ceases because no process is constitutionally due for the deprivation of an interest that is not of constitutional magnitude." Hunt v. Prior, 236 Conn. 421,442 (1996). See Wight v. Town of Southington, 43 Conn. App. 654
(1996) (Appellate Court does not reach the plaintiffs' procedural due process claim after finding that the plaintiffs' did not satisfy the "clear entitlement" test).
For the reasons given above, the court denies Timberland's CT Page 4940 motion for summary judgment as to count three. The plaintiff is not entitled to judgment as a matter of law.
FREEDMAN, J.