[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The plaintiff, Peter J. Stanish, Jr., is executor of the estate of his mother, Lorraine C. Stanish, having been appointed to that position of trust by the Probate Court for the District of Guilford (Exhibit 1).
Pursuant to the Last Will and Testament of Lorraine C. Stanish, in his capacity as Executor, the plaintiff possesses all of the powers enumerated in the Connecticut Fiduciary Powers Act, § 45a-234 of the Connecticut General Statues (Exhibit 2, Clause THIRD).
On December 13, 2001, the plaintiff, acting in his fiduciary capacity, applied to the defendant Guilford Planning and Zoning Commission, seeking a re-subdivision of property located at 1931 Long Hill Road, Guilford (Court's Exhibit 3).
The application was submitted along with a subdivision map entitled "Record Re-Subdivision Map Site Development Plan "Stanish Properties" § "B"," prepared by Anderson Engineering Surveying Associates, 1054 Boston Post Road, Guilford (Court's Exhibit 3).
The application was apparently scheduled for a public hearing on February 6, as indicated by James Barry, chairman of the defendant commission, prior to the April 17 public hearing (ROR 4, p. 1).
However, no public hearing notice for that meeting, or transcript of any public hearing other than April 17, 2002, is included in the return of record.
The record is further confused by the minutes of the April 17, 2002 public hearing and meeting (Exhibit 11), which contains the notation "Continued for January 16, 2002" with reference to the application of the CT Page 15761 plaintiff, Peter J. Stanish, Jr., Executor.
At the April 17 public hearing, the commission entertained comments from the town attorney concerning the plaintiffs subdivision application.
Counsel did not address the merits of the subdivision application before the commission.
Instead, the presentation focused on whether the application was a proper application, and complied with the provisions of the Guilford Subdivision Regulations.
Among the issues raised, was whether the executor of an estate can apply for subdivision approval, based upon a regulation requiring the "owner" of the property to sign the application.
The executor's ability to submit an application, in the absence of the concurrence of the heirs of the estate, was also debated (ROR 4, p. 3).
Since the property sought to be subdivided was not specifically devised under the terms of the Last Will and Testament of Lorraine C. Stanish (Exhibit 2), the property is part of the decedent's residuary estate.
Under the terms of the will, four beneficiaries, Thomas Stanish, Peter J. Stanish, Jr., Patricia Stanish McDonald and Donna Stanish share equally in the estate (Exhibit 2, Clause FIRST).
In this case two of the beneficiaries under the will, Thomas Stanish and Patricia Stanish McDonald, submitted written objections to the proposal to subdivide 1931 Long Hill Road (ROR 7 11); (Court's Exhibit 2).
Following input from the town attorney, the commission voted, apparently without dissent, to deny the plaintiffs re-subdivision application (ROR 1).
The reason given by the commission in support of its action reads: "This application is denied because it does not conform to the requirements of § 272-13A. Specifically, the application is not made by the owner or by an agent with authorization from all the owners." Section 272-13A of the Guilford Subdivision Regulations reads:
 "A. Application. Application for approval of a subdivision shall be made to the commission, in CT Page 15762 writing, on forms prescribed by the commission and signed by the applicant, or his or her lawful agent. If the subdivision is proposed by a person, firm or corporation other than the owner of the land to be subdivided, the application shall also be signed by the owner or his or her lawful agent."
Notice of the decision was published in the Guilford Currier (ROR 3).
Peter J. Stanish, Jr., acting in his capacity as Executor of the Estate of Lorraine C. Stanish, brings this appeal, claiming that the commission acted illegally, arbitrarily, and in abuse of its discretion, by denying the subdivision application.
AGGRIEVEMENT
Peter J. Stanish, Jr. is the Executor of the Estate of his mother, pursuant to an appointment by the Probate Court for the District of Guilford (Exhibit 1).
He was serving as executor when the subdivision application was submitted in December, 2001, and continues in that capacity.
Under the Last Will and Testament of Lorraine C. Stanish, the real property in question has not been specifically devised.
Therefore, during settlement of the estate, the executor has possession, care and control of real property owned by the decedent at the time of her death.[1]
The will gives to the executor all powers specified in the Connecticut Fiduciary Powers Act, § 45a-234, C.G.S.
A provision of the Fiduciary Powers Act, § 45a-234 (25) (c), gives to an executor the right to "subdivide or re-subdivide any real property."
A party claiming aggrievement must satisfy a well established two fold test: 1) that party must show a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as concern of all members of the community as a whole, and 2) the party must show that his specific personal and legal interest has been injuriously affected by the decision. Primerica v. Planning Zoning Commission, 211 Conn. 85, 93 (1989); Hall v. Planning Commission,181 Conn. 442, 444 (1980). CT Page 15763
Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307
(1991). The party claiming to be aggrieved must sustain his interest in the property throughout the course of the appeal. Craig v. Maher,174 Conn. 8, 9 (1977).
The question of aggrievement, is one of fact. Hughes v. Planning Zoning Commission, 156 Conn. 505, 508 (1968).
Peter J. Stanish, Jr. submitted an application to re-subdivide property to the defendant Guilford Planning Zoning Commission, and brings this appeal in his fiduciary capacity.
As one charged with the possession and control of real property owned by the decedent, Lorraine C. Stanish, and acting in a fiduciary capacity, he has a specific personal and legal interest in the land sought to be subdivided.
The action of the defendant Guilford Planning Zoning Commission, denying his re-subdivision application, had specifically and injuriously affected that interest.
It is found that the plaintiff, Peter J. Stanish, Jr., Executor of the Estate of Lorraine C. Stanish, is aggrieved by the action of the Guilford Planning Zoning Commission.
STANDARD OF REVIEW
In reviewing a subdivision application, a planning and zoning commission acts in an administrative capacity, rather than in a legislative or quasi-judicial capacity. RK Development Corporation v.Norwalk, 156 Conn. 369, 372 (1968); Read v. Planning ZoningCommission, 208 Conn. 431, 437 (1988).
The commission's authority is limited to determining whether the plan before it complies with the regulations which have been adopted for its guidance. If the plan conforms to the existing regulations, the commission has no discretion or choice but to approve it. Westport v.Norwalk, 167 Conn. 151, 154 (1974).
Because a commission is not a court of law, its authority is limited to applying its regulations to the proposal before it. It cannot make law.Gagnon v. Municipal Planning Commission, 10 Conn. App. 54, 57 (1987). CT Page 15764
The entire field of subdivision regulation is peculiarly a creature of legislation. It is therefore imperative that before a subdivision regulation may be made operative, the necessary statutory authorization for such regulation must exist. Finn v. Planning ZoningCommission, 156 Conn. 540, 545 (1968); Property Group, Inc. v. Planning Zoning Commission, 29 Conn. App. 18, 22 (1992).
In order to determine whether a regulation was within the authority of the commission to adopt, the question is not whether a statutory prohibition exists, but whether statutory authorization has been conferred. Avonside, Inc. v. Zoning Planning Commission,153 Conn. 232, 236 (1968).
Municipalities and their agents, boards and commissions have no inherent powers. Norwich v. Housing Authority, 216 Conn. 112, 113
(1990); New Haven Water Co. v. New Haven, 152 Conn. 563, 566 (1965). A municipality has only those powers that have been expressly granted to it by the state, or that are necessary for it to discharge its duties, and carry out its objects and purposes. Pepin v. Danbury, 171 Conn. 74, 83
(1976).
The court must therefore determine whether there is statutory authority for a regulation condition or requirement imposed by a municipal planning commission. Property Group, Inc. v. Planning Zoning Commission, supra, 22.
The action of a municipal commission must be viewed in light of the record before it. Ferndale Dairy, Inc. v. Zoning Commission, 148 Conn. 172,176 (1961). A trial court can sustain an appeal, only upon a finding that the decision of the commission was unreasonable, arbitrary, or illegal.Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152 (1988).
On factual questions, a reviewing court cannot substitute its judgment for that of the municipal agency. Timber Trails Corp. v. Planning Zoning Commission, 222 Conn. 380, 401 (1992). However, the question of whether a particular regulation applies to a given set of facts, is a question of law for the court. Coppola v. Zoning Board of Appeals,23 Conn. App. 636. 640 (1990).
Section 8-25 of the General Statutes requires the commission to provide reasons for its action on a subdivision application.[2]
Where, as here, a commission has formally stated the reasons for its decision, a court should not go beyond the official collective statement CT Page 15765 and attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the commission to reach the commission's final collective decision. DeMaria v. Planning ZoningCommission, 159 Conn. 534, 541 (1970); West Hartford InterfaithCoalition, Inc. v. Town Council, 228 Conn. 498, 513 (1994); Kaufman v.Zoning Commission, 232 Conn. 112, 143 (1995); Norwood v. Zoning Board ofAppeals, 62 Conn. App. 528, 532 (2001).
COMMISSION HAD NO AUTHORITY TO DENY RE-SUBDIVISION BECAUSE APPLICATIONFILED BY EXECUTOR OF ESTATE
The defendant maintains that its regulation, § 272-13A, requires a subdivision application to be "signed by the owner or his or her lawful agent."
In argues that an executor is not an "owner" or property, and that the owners of 1931 Long Hill Road, Guilford, are the beneficiaries under the will of Lorraine C. Stanish.
Two of the beneficiaries, Thomas Stanish and Patricia Stanish McDonald, opposed the proposed re-subdivision (ROR 7 11; Court's Exhibit 2).
An administrator or executor does not hold title to real property. Title passes to the heirs, subject to the right of administration. Brillv. Utrey, 159 Conn. 371, 375 (1970); O'Connor v. Chiascione, 130 Conn. 304,306-08 (1943).
However, pursuant to § 45a-321 (a) of the General Statutes, an executor does have possession, care and control of the decedent's real property during administration.
A specific provision of the General Statues, § 45a-234 (25) (c), gives to an executor the right to "subdivide or re-subdivide any real property."
That grant of authority is not conditioned upon the assent of all of the beneficiaries or heirs of the decedent.
A beneficiary, who objects to the use or subdivision of real property by an executor, has an available avenue of redress in the Probate Court.
A Probate Court, pursuant to § 45a-321 (a), may "order surrender of the possession and control of . . . real property to the heirs or devisees, or may. during settlement, order distribution of such real CT Page 15766 property."
Nothing in § 8-25, C.G.S. authorizes a planning and zoning commission to refuse to entertain a subdivision or re-subdivision application submitted by an executor, acting pursuant to § 45a-234
(25) (c), C.G.S.
By determining that a lawfully appointed executor could not act in a manner expressly authorized by a statute, the commission was acting outside its authority, and was attempting to make law. This it can not do. Gagnon v. Municipal Planning Commission, supra, 57.
Because the only reason stated by the commission in support of its denial of the plaintiffs re-subdivision application is insufficient, as a matter of law, the plaintiffs appeal must be sustained.
DEFENDANT GUILFORD PLANNING AND ZONING COMMISSION IS INSTRUCTED TOPROCEED ACCORDING TO LAW
When deciding an appeal taken from an action of a municipal zoning agency, the trial court s powers are governed by the provisions of §8-8 (k) of the General Statutes.
That statute provides:
 "(k) the court, after hearing thereon, may revise or affirm, wholly or partly, or may modify or revise the decision appealed from. If a particular board action is required by law, the court, on sustaining the appeal, may render a judgment that modifies the board decision or orders the particular board action."
Once a trial court has determined that a municipal zoning agency has acted improperly, or outside its authority, the only appropriate remedy is to sustain the appeal. Bogue v. Zoning Board of Appeals, 165 Conn. 749,753-54 (1974); Samperi v. Planning Zoning Commission,40 Conn. App. 840, 850 (1996).
In those instances where it appears, as a matter of law, that there was only one conclusion which the zoning board could reasonably reach, the court may direct the agency to do or to refrain from doing what the conclusion legally requires. Thorne v. Zoning Commission, 178 Conn. 198,206 (1979); Watson v. Howard, 138 Conn. 464, 478 (1952).
No such finding is possible in this case, based upon the record CT Page 15767 submitted, or as supplemented at trial.
The record contains only the transcript of the April 17, 2002 public hearing.
Earlier public hearings, at which the application was presented, and questions were raised prompting an inquiry to the town attorney, have been omitted.
Court's Exhibit 3, part of the supplemental record received at trial, references a map entitled "Record Re-Subdivision May Site Development Plan "Stanish Properties" § "B"," but the record does not contain a copy of the document.
There are claims included in portions of the record, that the subdivision map fails to comply with the Guilford Subdivision Regulations, in ways not given by the commission in its reason for rejection. (ROR 7 11).
The record provides no clear expression by the commission that it passed on the merits of the subdivision application, and found the application in compliance with its regulations.
The fact that the commission previously approved a virtually identical subdivision proposal, is not sufficient. based on the available record, to support a finding that the present application must be approved as a matter of law.
The commission has the ability to determine the merits of the re-subdivision as presented to it by the plaintiff, and to render a decision, without the inconvenience and expense of a second application and public hearing. Timberland Development Corp. v. Planning ZoningCommission, 43 Conn. App. 606, 612 (1996). CT Page 15768
When an appeal is sustained, and an agency is required to proceed according to law, reconsideration is appropriate, following a written request by the applicant, without the need for a new application. Robert A. Fuller, Land Use Law and Practice (second edition) § 35.1 p. 215 (1999); Gervasi v. Town Plan Zoning Commission, 184 Conn. 450, 454
(1981).
The appeal of the plaintiff, Peter J. Stanish, Jr., Executor of the Estate of Lorraine C. Stanish, is SUSTAINED, and the commission is directed to proceed according to law.
 ___________________ RADCLIFF, J.