JOHN A. SAMPERI ET AL. *v.* PLANNING AND ZONING
COMMISSION OF THE CITY OF WEST HAVEN ET AL.
(13481)

Dupont, C. J., and O'Connell and Schaller, Js.

Argued October 31, 1995—decision released April 2, 1996

*Maureen P. Williams*, with whom, on the brief, was
*Stephen I. Small*, for the appellant (defendant Minor
Farm Limited Partnership).

*Jonathan Katz*, with whom, on the brief, was *Alice S. Miskimin*, for the appellees (plaintiffs).

SCHALLER, J. The defendant Minor Farm Limited Partnership[1] appeals from the judgment of the trial court reversing the West Haven planning and zoning commission's (commission) approval of the defendant's subdivision application. The defendant claims that (1) the plaintiffs[2] appeal to the trial court was moot because of an amendment to the regulations at issue, (2) the trial court improperly applied the commission's subdivision regulations, (3) the trial court should have remanded the case to the commission for administrative reconsideration, and (4) the trial court improperly refused to allow the testimony of West Haven's city planner. We affirm the judgment of the trial court.

The following facts are relevant to the resolution of this appeal. On February 11, 1991, the defendant submitted an "Application for Subdivision/Resubdivision Approval" to the commission. The defendant sought permission to subdivide 19.36 acres of land located in West Haven into sixty-one residential lots. The defendant's land was located in an R-3 zone. The application did not contain any request for a variance or for a waiver of the subdivision regulations. The commission held public hearings on the application on June 11 and July 9, 1991. All lots in the proposed subdivision complied with the lot size and frontage requirements of the zoning regulations. The West Haven planning and zoning regulations provide that the minimum lot size in an R-3 residential district is 6000 square feet, and each lot must have a minimum of fifty feet of street

---

[1] Other defendants in this action include the named defendant and the West Haven town clerk, neither of whom are parties to this appeal. The word defendant as used in this opinion refers to Minor Farm Limited Partnership only.

[2] The plaintiffs John A. Samperi, Carol Samperi, William Johnson, Hazel Johnson and Edward Nycek, own property abutting that of the defendant.

frontage.[3] By notice of decision dated August 14, 1991, the commission approved the application, with certain conditions not relevant to this appeal.

Following the approval of the application, the plaintiffs appealed to the Superior Court challenging the granting of the subdivision application. In their appeal, the plaintiffs claimed that the decision violated a subdivision regulation that required that the lot size in any subdivision be at least 12,000 square feet with a 100 foot street frontage.[4] According to the defendant's application, forty-six of the sixty-one lots have less than the 100 foot frontage required under the subdivision regulation, and forty-five of the sixty-one lots contain less than 12,000 square feet. It is uncontroverted that most of the lots contain less than 10,000 square feet, and only four of the sixty-one proposed lots meet both the 12,000 square foot lot size and 100 foot frontage requirements.

The trial court determined that the commission had no authority under General Statutes § 8-26[5] to approve the defendant's subdivision application without a waiver[6] because the proposed subdivision did not con-

---

[3] West Haven planning and zoning regulations, art. III, c. 3, §§ 23-3.1 and 23-3.3.

[4] Article XI of the West Haven planning and zoning regulations is divided into six chapters. Chapter 4, § 114-3, Subdivision Design and Requirements, states: "All lots shall be not less than 100 feet along the front and shall contain at least 12,000 square feet. Wherever possible side lot lines shall be perpendicular to straight street lines or radial to curving street lines. All lots shall front on streets shown on final plan."

[5] This section sets forth the procedures for subdivision approval.

[6] Article XI, chapter 5, of the West Haven planning and zoning regulation provides: "The Planning and Zoning Commission may waive any requirement and/or standard contained in this Article if it deems such action essential in view of unusual topographical conditions or other special circumstances, provided that any variance granted does not conflict with the general purpose and intent of these regulations. To secure such variance, the applicant shall make written request to the commission explaining fully the reasons therefore and submit same with the preliminary plan. Action by the Commis-

form to the subdivision requirements. The trial court concluded, therefore, that the record did not reasonably support the commission's decision to approve the defendant's subdivision application. From this judgment the defendant appeals.[7]

I

The defendant first claims that the appeal to the trial court was moot as a result of an amendment to the zoning regulations at issue. The defendant argues that because the plaintiffs' claim was moot, the defendant's subdivision approval must be affirmed.[8] Although the defendant's argument is unclear, we interpret the argument to be that the plaintiffs' appeal to the trial court was moot because of the amendment of the subdivision regulations and, therefore, we should dismiss or reverse the trial court judgment on that basis.[9] We disagree.

After the plaintiffs' appeal of the commission decision and before the trial court decision, the subdivision regulations were amended to conform to the less restrictive lot size and frontage requirements of the zoning regulations. The trial court's memorandum of decision made

sion on such request will be taken as a part of the general action on the preliminary plan."

[7] This court granted the defendant's petition for certification to appeal.

[8] In what manner the subdivision approval should be affirmed, according to the defendant, is unclear. In its brief, the defendant contends variously that we should reverse the judgment of the trial court, dismiss the judgment of the trial court and remand the case to the commission for reconsideration.

[9] If we were to construe the claim to be that the present appeal to this court is moot, the remedy would be dismissal of the case, without vacating the trial court's judgment. *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, 233 Conn. 254, 272, 659 A.2d 148 (1995). That result would clearly be detrimental to the defendant. Although it is procedurally irregular to determine whether the appeal to the trial court was moot, we note that a challenge to the court's subject matter jurisdiction may be made at any time. *Goodson* v. *State*, 232 Conn. 175, 179, 653 A.2d 177 (1995), citing *Stroiney* v. *Crescent Lake Tax District*, 205 Conn. 290, 294, 533 A.2d 208 (1987).

no reference to the effect of the amendments,[10] and the record does not reflect that the issue was raised before the trial court.

The defendant argues that because its application would conform to the subdivision regulations as amended, the trial court should have dismissed the plaintiffs' appeal as moot. The conformance of the application to the amended regulations, however, was not before the commission and, likewise, was not before the trial court. It was not, therefore, the function of the trial court to determine whether the application conformed to the subdivision regulations as amended. "The commission is entrusted with the function of interpreting and applying its . . . regulations"; *Gorman Construction Co.* v. *Planning & Zoning Commission*, 35 Conn. App. 191, 195, 644 A.2d 964 (1994), citing *Toffolon* v. *Zoning Board of Appeals*, 155 Conn. 558, 560, 236 A.2d 96 (1967); and for a court to undertake that function in this case "would be an impermissible judicial usurpation of the administrative functions of the authority." *Bogue* v. *Zoning Board of Appeals*, 165 Conn. 749, 754, 345 A.2d 9 (1974).

We conclude that the plaintiffs' appeal to the trial court was not moot. The trial court properly considered only whether the defendant's subdivision application conformed to the regulations in effect when the application was filed. See General Statutes § 8-2h (a). The trial court afforded the plaintiffs the practical relief of sustaining their appeal of the commission's approval of an

---

[10] The plaintiffs contend that the amended regulations were declared invalid by a Superior Court judge in *Jimmies, Inc.* v. *Planning & Zoning Commission*, Superior Court, judicial district of New Haven, Docket No. CV92-0331249-S (March 29, 1994) (11 Conn. L. Rptr. 179), a decision that was not appealed. The defendant contends that *Jimmies, Inc.* "does not in toto invalidate the regulations, but rather invalidates the zone boundaries proposed by the new regulations, and not the limitations on lot size and frontage." Because we decide the mootness issue on other grounds, we need not discuss the effect of the decision in *Jimmies, Inc.*

application for a subdivision on property abutting their own.

## II

The defendant next claims that the trial court improperly determined that the regulation applied to the defendant's application. It is the trial court's function to " 'determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts. . . . The trial court can sustain the [plaintiff's] appeal only upon a determination that the decision of the commission was unreasonable, arbitrary, or illegal . . . .' " (Citations omitted.) *Gorman Construction Co.* v. *Planning & Zoning Commission,* supra, 35 Conn. App. 195, quoting *Baron* v. *Planning & Zoning Commission,* 22 Conn. App. 255, 257, 576 A.2d 589 (1990).

The trial court held that the commission lacked authority to approve a subdivision plan that did not conform to the subdivision requirements without a valid waiver of the requirements.[11] The court noted that the defendant's application shows that forty-six of the sixty-one lots have less than the 100 foot minimum road frontage and fifty-four of the sixty-one lots contain less than the 12,000 square feet required. The trial court determined that the defendant had made no waiver request that conformed with the applicable section of the West Haven regulation.[12]

"It is an appellate court function to determine whether the judgment of the trial court was clearly

[11] We note that the commission chair indicated at the executive session following the hearing that "we have been told by the corporation counsel and our planner that this proposal does meet subdivision regulations." This remark would seem to indicate that the commission, rather than ignoring the subdivision regulations or considering them invalid, as the defendant claims was the case, misunderstood or was misinformed about the requirements.

[12] See footnote 6.

erroneous or contrary to the law; appellate review excludes the retrial of the facts. *Fuller* v. *Planning & Zoning Commission*, 21 Conn. App. 340, 344, 573 A.2d 1222 (1990). The Appellate Court does not determine whether the trier of facts could have reached a conclusion other than the one reached. It looks both at the conclusion reached and the method by which it was reached to determine whether that conclusion is correct and factually supported. *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980)." *Gorman Construction Co.* v. *Planning & Zoning Commission,* supra, 35 Conn. App. 196.

The defendant relies principally here, as it did in the trial court, on *Cristofaro* v. *Burlington,* 217 Conn. 103, 584 A.2d 1168 (1991) (*Cristofaro II*), to support its position that the subdivision regulation is invalid and, for that reason, was not applied by the commission. The defendant argues that, under *Cristofaro II,* the commission could not enact and apply a subdivision regulation that established a minimum lot size that conflicted with the zoning regulation. The defendant posits that the commission never applied the subdivision regulation to its application because both the defendant and the commission treated the regulation as invalid. The defendant concedes, however, that the "invalidity" was never made a matter of record by the defendant or the commission.

The defendant further contends, in response to the argument that it should have brought a declaratory judgment action to challenge the subdivision regulation, that it could not have brought such action after it had obtained the subdivision approval. In effect, the defendant argues that, rather than challenging the allegedly invalid regulation before seeking subdivision approval, it was sufficient merely to treat the regulation as invalid. We disagree with the defendant's arguments.

*Cristofaro II* arose out of a declaratory judgment action.[13] In that case, the Burlington planning commission had adopted a regulation that established a minimum lot size greater than that established by the Burlington zoning commission.[14] Id., 107. The plaintiff sought a ruling that the subdivision regulation was invalid because it conflicted with the zoning regulation. Id., 105. Our Supreme Court held that the planning commission exceeded its authority in enacting a regulation that imposed a more stringent lot size requirement than that established in the existing ordinance because the planning commission had thereby impermissibly attempted to make, amend or repeal an existing zoning regulation. Id., 107.[15]

The holding of *Cristofaro II* does not support the defendant's position for several reasons. The principal reason is that, in this case, the defendant, *after* seeking subdivision approval, now attempts to challenge the validity of the regulations enacted by the commission in the course of defending against this appeal rather than in a declaratory judgment action. The defendant's

[13] The first *Cristofaro* decision, *Cristofaro* v. *Planning & Zoning Commission*, 11 Conn. App. 260, 527 A.2d 255, cert. denied, 204 Conn. 810, 528 A.2d 1156 (1987), was an appeal from the dismissal of a zoning appeal brought by the unsuccessful subdivision applicant. We affirmed the Superior Court's dismissal on procedural grounds, concluding that the plaintiff should have brought a declaratory judgment action, rather than a zoning appeal, to test the validity of the zoning regulation. Id., 262.

[14] The Supreme Court noted that the functions of zoning authorities and planning commissions are " 'separate yet related,' even if the two have the same members." *Cristofaro II*, supra, 217 Conn. 106, quoting *Purtill* v. *Town Plan & Zoning Commission*, 146 Conn. 570, 572, 153 A.2d 441 (1959).

[15] The planning commission's minimum lot size requirement applied only to subdivision lots not serviced by town water and sewers. *Cristofaro II*, supra, 217 Conn. 108. In response to the commission's argument that the two regulations, therefore, did not directly conflict, the court determined that, where only a minimal part of the town has town supplied water and sewer services, "as a practical matter, the planning commission's enactment . . . has repealed the . . . zoning designation and the two regulations directly conflict." Id.

argument that the commission *implicitly* recognized and determined the invalidity of the subdivision regulation and, therefore, declined to apply it has no merit. There is nothing in the record to substantiate that argument. In fact, the only support in the record for that argument is that the commission misunderstood or was misinformed about the subdivision regulation requirements.

The commission lacked the authority to declare its own regulation invalid without notice to any party that it intended to do so. A commission is not at liberty to ignore its existing regulations and to treat them as invalid. See *Timber Trails Corp.* v. *Planning & Zoning Commission*, 222 Conn. 374, 387, 610 A.2d 617 (1992); *Reed* v. *Planning & Zoning Commission*, 12 Conn. App. 153, 156, 529 A.2d 1338 (1987), aff'd, 208 Conn. 431, 544 A.2d 1213 (1988). When acting in a legislative capacity, a zoning commission "is free to amend its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change. . . . *Parks* v. *Planning & Zoning Commission*, [178 Conn. 657, 660, 425 A.2d 100 (1979)]. In contrast, when acting in an administrative capacity, a zoning commission's more limited function is to determine whether the applicant's proposed use is one which satisfies the standards set forth in the regulations and statutes." (Internal quotation marks omitted.) *West Hartford Interfaith Coalition, Inc.* v. *Town Council*, 228 Conn. 498, 505–506 n.10, 636 A.2d 1342 (1994). The commission, therefore, was bound to apply the subdivision regulation applicable to the situation presented by the defendant's application.

Apart from that problem, which is fatal to the defendant's position, the defendant is precluded for a related reason from challenging the validity of the subdivision regulation in this proceeding. By applying for subdivision approval and, thereby, seeking relief under the

subdivision regulations, the defendant cannot, at the same time, challenge the validity of those very regulations. It is well established that a party seeking advantage under a zoning ordinance cannot, in the same proceeding, attack the constitutional validity of that ordinance. *Spero* v. *Zoning Board of Appeals*, 217 Conn. 435, 446, 586 A.2d 590 (1991); *Bierman* v. *Planning & Zoning Commission*, 185 Conn. 135, 139, 440 A.2d 882 (1981). Nor can the party challenge the ordinance's validity on nonconstitutional grounds in the same proceeding. *Weatherly* v. *Town Plan & Zoning Commission*, 23 Conn. App. 115, 122, 579 A.2d 94 (1990); *Cristofaro* v. *Planning & Zoning Commission*, 11 Conn. App. 260, 262, 527 A.2d 255, cert. denied, 204 Conn. 810, 528 A.2d 1156 (1987) (*Cristofaro I*). The proper method of challenging a regulation is a declaratory judgment action. See *Cristofaro I*, supra, 262. This rule "serves the important policy of 'ensur[ing] that all affected landowners would be provided with an opportunity to become involved in the proceedings.' " *Spero* v. *Zoning Board of Appeals*, supra, 446, quoting *Norwich* v. *Norwalk Wilbert Vault Co.*, 208 Conn. 1, 7, 544 A.2d 152 (1988).

Because these related grounds are dispositive of the defendant's claim, we need not discuss other grounds for distinguishing *Cristofaro II*.[16] We conclude that the

---

[16] We note, however, that the trial court discussed a number of other grounds on which *Cristofaro II* was distinguishable from the present case, including the fact that, unlike in *Cristofaro II*, the potentially conflicting regulations here are contained in a single, unified, comprehensive zoning resolution, which constituted a regulative comprehensive plan of development containing a "supremacy clause" to be used to resolve conflicts among the provisions.

The trial court noted that "the two conflicting regulatory provisions are both contained in one comprehensive planning and zoning resolution adopted by one combined planning and zoning commission. Additionally, the resolution contains a separate section entitled 'Interpretation of Provisions'; art. I, c. 2, § 12.5; which provides: 'Whenever any provision of this resolution and any other provisions of law, whether set forth in this resolution or in any other law, ordinance, or resolution of any kind, impose

trial court correctly upheld the commission's action in denying the defendant's application.

## III

The defendant next claims that the trial court, upon determining that the commission acted improperly, should have remanded the case to the commission with direction to apply the subdivision regulations rather than simply reversing the commission's granting of the application. Although the defendant does not make clear the reason for such remand, the defendant appears to argue that the commission could either apply the subdivision regulation, thereby enabling the defendant to appeal, or clarify why it did not previously apply an invalid regulation. The defendant also suggests that it would have the opportunity on remand to seek a waiver of the requirement that it apply for a waiver of the subdivision regulations. We disagree.

No proper purpose would be served by a remand to the commission. Once the trial court determined that the commission had acted improperly, the only appropriate remedy was to sustain the appeal. *Thorne* v. *Zoning Commission*, 178 Conn. 198, 206, 423 A.2d 861 (1979); *Bogue* v. *Zoning Board of Appeals*, supra, 165 Conn. 753–54. The defendant's failure to apply for a waiver of the subdivision requirement could not be remedied on remand and, for the reasons discussed in

overlapping or contradictory regulations over the use of the land, or over the use of bulk of buildings or other structures, *or contain any restrictions covering any of the same subject matter, that provision which is more restrictive or imposes higher standards or requirements shall govern.'* " (Emphasis added.) Consistent with that provision, the trial court determined that the more restrictive lot size and frontage requirements of the subdivision regulations controlled, and the commission improperly failed to require compliance. The trial court further determined that the two regulatory provisions, subdivision and zoning, are contained in a single comprehensive planning and zoning resolution adopted by a combined planning and zoning commission, with a "supremacy clause" to enable it to resolve conflicts.

part II of this opinion, the commission could not properly rule on the validity of the subdivision regulation.

IV

The defendant claims finally that the trial court improperly excluded the supplemental testimony of the West Haven city planner, Jim Hill. The defendant argues that Hill could have explained that "the Subdivision Regulation was of no effect as a regulation of the use of land, a matter within the province of only the zoning authority." The defendant's argument is premised on the applicability of General Statutes § 8-8 (k), which provides in pertinent part that the court "shall allow any party to introduce evidence in addition to the contents of the record if . . . (2) it appears to the court that additional testimony is necessary for the equitable disposition of the appeal." Under the statute, Hill's testimony was admissible only if it was essential to the equitable disposition of the appeal. *Tarasovic* v. *Zoning Commission*, 147 Conn. 65, 70, 157 A.2d 103 (1959). That question is within the sound discretion of the court. Id.; *Swensson* v. *Planning & Zoning Commission*, 23 Conn. App. 75, 80, 579 A.2d 113 (1990).

In this case, the trial court duly considered the offer of Hill's testimony, stating in its articulation that Hill had "ample opportunity to present his views, his arguments and his interpretations at the hearing." On the basis of this record, we cannot conclude that the trial court abused its discretion in refusing to allow Hill to testify.

The judgment is affirmed.

In this opinion the other judges concurred.