[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Neil Mellen, Trustee, is the owner of a 7 1.692 acre parcel located in the Town of New Fairfield, and is under contract to convey the property to the plaintiff, Gary Mead.
Both the plaintiff owner (Mellen) and the contract purchaser (Mead) bring this appeal following the denial of their subdivision application by the defendant, New Fairfield Planning CT Page 5368 Commission.
In denying the subdivision proposal, the commission claimed that the proposed plan did not comply with § 3.1g of the New Fairfield Subdivision Regulations, the section which specifies the length of subdivision roads.
Section 3.1g reads:
 Maximum Length. Permanent dead end streets shall not exceed one thousand eight hundred (1,800) feet in length from its center line intersection with the center line of the through street, along the center line, to its point of tangency at the permanent turn-around.
 Two Means of Access. In no event shall any permanent dead-end street in excess of one thousand eight hundred (1,800) feet be approved unless such street is provided with two means of access and egress from a through street or state highway.
The plaintiffs' subdivision proposal includes a street, Rock Ridge Court, which measures 1,740 feet in length.
Rock Ridge Court connects with an existing dead end street, Dick Finn Road, which exceeds 2,000 feet.
The 1,740 foot length of proposed Rock Ridge Court, when added to the length of Dick Finn Road, exceeds 1,800 feet in the aggregate.
The defendant, Planning Commission, denied both the subdivision application and the plaintiffs' request for a waiver of the 1,800 foot standard of § 3.1g.
The plaintiffs now seek, pursuant to § 8-8(k) of the Connecticut General Statutes, to supplement the record by including materials related to a 1995 subdivision application by one John F. Trost.
The defendant commission has objected, claiming both that the proposed materials could have been presented at the time of the public hearing, and that their inclusion in the record is not necessary for the equitable disposition of the plaintiffs' CT Page 5369 appeal.
Section 8-8(k) allows, in the discretion of the court, a party to introduce additional evidence in two situations:
 The court shall review the proceedings of the board and shall allow any party to introduce evidence in addition to the contents of the record if (1) the record does not contain a complete transcript of the entire proceeding before the board, including all evidence presented to it, pursuant to section 8-7a, or (2) it appears to the court that additional testimony is necessary for the equitable disposition of the appeal.
Because both parties agree that the transcript of the proceedings is complete, the plaintiffs must demonstrate that the additional testimony is necessary for the equitable disposition of the appeal.
This they have failed to do.
Because an administrative appeal involves an appeal based upon the record before the agency, evidence not included in the record is inadmissible except on the issue of aggrievement. Only in those limited circumstances when it is essential to the equitable disposition of the appeal, will evidence be allowed.Stiles v. Town Council, 159 Conn. 212, 217 (1970); Troiano v.Zoning Commission, 155 Conn. 265, 268 (1967).
The plaintiffs' point, by way of analogy, to Hardisty v.Woodbury Zoning Commission, 17 Conn. L. Rptr. No. 3 p. 108 (1996), in urging that the record be expanded in this case.
The analogy is forced and unpersuasive.
In Hardisty, the issue concerned the denial of a special permit to use a clothing store as a donut shop.
The additional materials sought by way of resort to §8-8(k) included plans for the shopping center, records concerning five similar business establishments, and testimony about the nature of the businesses.
All of the evidence was proffered on the issue of the application of the phrase "primarily take-out" restaurant, and CT Page 5370 how the phrase had been applied to other applicants in the past.
Here, there is nothing in either the record or the proposed supplemental materials which would indicate that the New Fairfield Planning Commission had interpreted § 3.1g of the subdivision regulations in the past.
The Trost application had been rejected by the commission, and the comments relating to § 3.1g were those of a single commissioner, not that of the full commission.
The plaintiff asks the court to infer that the failure of the commission to articulate a violation of § 3.1g in its denial of the Trost Application, gives tacit or implicit approval to the construction urged by one of the commission members during a pre-application review.
While the argument is creative, it is not controlling, based on the facts and circumstances presented here.
It must also be pointed out that all of the information which the plaintiffs seek to include in the record pursuant to §8-8(k), was available at the time the defendant, Planning Commission, was considering the plaintiffs' subdivision application.
The failure of a party to present evidence to a municipal agency which was available at the time of the application and prior to any decision by the agency, is a factor to be considered when deciding whether the relief sought pursuant to § 8-8(k) should be afforded. R. Fuller, Land Use and Practice, § 32.8, p. 550; Samperi v. Planning and Zoning Commission,40 Conn. App. 840, 851 (1996); Hoffman v. Kelly, 138 Conn. 614, 619 (1952).
The plaintiffs' motion to supplement return of record is denied.
Radcliffe, J.