[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appellants, Beverly Dean, executrix of the estate of Theodore Dean, and Robinson Dean, appeal, under the provisions of G.S. § 8-28, from the decision of the appellee, the Canterbury Planning and Zoning Commission (Commission), disapproving a resubdivision plan regarding property owned by the estate and located on Cemetery Road in Canterbury. Robinson Dean is the son of the deceased, Theodore Dean, and was the applicant before the Commission.
 I
The court finds that the appellants are aggrieved by the adverse decision of the Commission. The estate includes the property which is the subject of the Commission's action and such party is always aggrieved. Bossert Corporation v. Norwalk,157 Conn. 279, 285 (1968). Robinson Dean is aggrieved as the unsuccessful applicant and son of the later owner. DiBonaventurav. Zoning Board of Appeals, 24 Conn. App. 369, 376 (1991).
 II
It is axiomatic that a planning commission acts in an administrative capacity when reviewing a subdivision plan. GormanConstruction Co. v. Planning and Zoning Commission,35 Conn. App. 191, 195 (1994). The Commission's role, therefore, is limited to ascertaining whether the proffered plan CT Page 7176 complies with applicable subdivision regulations. Samperi v.Planning and Zoning Commission, 40 Conn. App. 840,848 (1998).
In the present case, the Commission vote was none for approval of the plan, one against, and five abstentions. The failure to gamer a majority of votes to approve a plan amounts to rejection of it. Huck v. Inland Wetlands and Watercourses Agency,203 Conn. 525, 533 (1987). The appellants do not attack, per Se, the propriety of only one commission member voting. They do claim, however, that the Commission's decision lacked substantial evidentiary support.
The Commission failed to specify the reason or reasons for disapproving the application. The parties agree that this omission requires the court to search the record to determine whether a legitimate reason existed for the agency's action.
Substantial evidence exists if the evidence before an administrative board affords a substantial basis of fact from which the matter in issue can be reasonably inferred. PropertyGroup, Inc. v. Planning and Zoning Commission, 226 Conn. 684, 697
(1993). It is something less than the weight of the evidence. Id., 698. The possibility of inconsistent conclusions from the evidence does not invalidate the board's determination. Id. A reviewing court cannot substitute its judgment for that of the agency as to factual determinations. Irwin v. Planning and ZoningCommission, 244 Conn. 619, 629 (1998).
The Canterbury subdivision regulations are found within pages 45 to 60 of the town's zoning regulations. Section IV of these regulations are consistent with the statute authorizing adoption of such provisions, G.S. § 8-25 (a). The regulations require that proposed subdivision plans must make proper provision for flood control protection, § 4.14; that lot sizes and dimensions must take into account adverse drainage effects, § 4.15; and, that effective drainage systems must be incorporated in such plans, §§ 4.26 and 4.28.
The return of record discloses that witnesses familiar with the area to be resubdivided testified before the Commission that the subject property slopes dramatically from Cemetery Road down to Cranberry Lake. Cranberry Lake is a manmade water body of unusual purity being mostly spring fed. Neighbors averred that large quantities of surface water flow down the slope of the CT Page 7177 property and form a stream during wet periods. A topographical map before the Commission confirms the steep contour of this property. The town engineer's report, dated July 11, 1996, found that the subdivision plan was feasible but noted that the property was part of an "environmentally sensitive" area with considerable surface drainage. One commission member who visited the site opined that the plan would likely create flooding problems.
The record demonstrates, therefore, that the Commission had a legitimate reason for disapproving the plan before it, viz., insufficient drainage and flood control. This conclusion was supported by substantial evidence as recounted above. Consequently, the appeal is denied.
Sferrazza, J.