[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR ARTICULATION
The defendant, Watertown Zoning Board of Appeals (Board) has move this court to articulate its orders entered on the Plaintiff's Motion To Correct The Record and Introduce Additional Evidence. The defendant did not objection to the Plaintiff's request in that motion to correct the record (dye to inaudible portions of the audio tapes made at the hearing). The defendant has not asked to court to articulate its order denying that relief.
The defendant did object to the plaintiff's request to introduce additional evidence and has asked to court to articulate the reasons why it granted that relief.
The additional evidence was set forth in three paragraphs of the plaintiff's motion. The additional evidence sought to be added and the court's reasons for granting the relief is as follows:
(1) The repeal of Section 7.4 of the Watertown Zoning Regulations andthe enactment of an amended Version of that regulation after the hearingby the Board.
The defendant argued that any amendment to the regulations after the hearing is irrelevant to this appeal and not evidence which should be added. It cites Samperi v. Planning and Zoning Commission of the City ofWest Haven, 40 Conn. App., 840, 844 (1996).
Samperi is distinguishable from the instant case for the simple reason that in Samperi, the appellant would have benefitted from the application of the revised regulation which didn't even exist at the time of the commission's action. In the instant case, Section 7.4 was made even more onerous to the plaintiff's case. The plaintiffs do not claim that the revised section would have benefitted them. They maintain that the revision was done to prevent the plaintiffs or any party similarly situated from prevailing in such a situation. It is the fact of the revision by the Town of Watertown and not the revision itself that the plaintiffs want to bring to the trial court's attention. The court can take judicial notice of the regulations, past and current. Whether the CT Page 3390 plaintiff's can convince the court that the promulgation of that amended regulations is an indication of the Board's abuse of discretion is for the trial court to determine.
2. Evidence of the confiscatory nature and effect of the defendant'saction with regard to the plaintiffs' property.
The plaintiffs argue that the Board is not competent to decide confiscation claims and that the trial court has the inherent power to determine what evidence is necessary for an equitable disposition of that issue. Sec. 8-8 (k), Conn. General Statutes. This court agrees and, for that reason, has allowed such evidence to be offered in addition to the record.
3. Additional records and testimony concerning the origin, location andstatus of the highway which provides access to the activities which arethe subject of the Cease and Desist order under appeal . . .
Unlike the evidence sought to be added in paragraphs 1 and 2 above, this evidence is testimonial evidence which the plaintiffs claim existed at the time of the hearing, but had not been ascertained until after the Board had made its decision. The record indicates that the origin, location and existence of such a road was the subject of inquiry by the Board and the subject of testimony by a witness, who had no knowledge of the evidence which the plaintiffs claim to have ascertained after the hearing. The defendant argues that the trial court cannot properly allow such evidence and then speculate whether or not the Board would have allowed it and, if so, what decision it might have reached had the information been available to it. While the trial court cannot speculate what the Board might have done with it, the trial court can and should have that evidence available to it to determine whether an equitable decision can be made without the inclusion of that evidence and whether or not the matter should be remanded to the Board with direction to consider it.
For the foregoing reasons, the plaintiffs requests to offer evidence in addition to the record were granted by this court.
By the Court,
Joseph W. Doherty, Judge